J-S35036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SYHEAM MANN, | : | |
| | : | |
| Appellant | : | No. 262 EDA 2015 |

Appeal from the PCRA Order December 24, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0004106-2009

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 08, 2016**

Syheam Mann ("Mann"), *pro se*, appeals from the Order dismissing his

first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See***

42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court set forth the relevant underlying facts as follows:

At approximately 2:00 a.m.[,] on July 10, 2009, Ryan Glover
["Glover"] returned to his home on 215 Wingate Road, Upper
Darby, in his van.  A car owned by Kim Weeks ["Weeks"], a male
friend, was located in [] Glover's parking spot.  [] Glover
obtained the keys to [] Weeks's car, moved it, and then
reentered his van to pull into his parking space.  [Mann], whom
[] Glover had known for years, approached [] Glover, placed a
gun in his face, and demanded that he exit the van.  [] Glover
pushed the gun, drove away from the area, and telephoned
police.  [Mann] shot his gun at the fleeing vehicle.  The
responding officer, Upper Darby Police Officer Dennis Keller,
viewed a bullet hole in the van's driver's side window.  The bullet
entered the dashboard and lodged in the speedometer.

In the meantime, [Mann] and two other armed men, Edwin Clark
and Jeffrey Mason, broke into 215 Wingate Road, which was
occupied by [] Weeks.  [] Weeks was sleeping in the living room
on the sofa when he was awakened by three males entering

from the basement. After one man pointed a gun at his face, [] Weeks was ordered to the floor and complied. The cohorts proceeded to ransack the second floor and, after [] Weeks overheard them state that they were looking for money, he managed to escape through a first-story window.

Police officers soon arrived at 215 Wingate Road to investigate the prior shooting when they observed a broken door and heard noises emanating from the house. At that point, the criminals exited the residence through a skylight on the second floor. The entire neighborhood was placed on lockdown and a helicopter and the SWAT Team were deployed. [Mann] was apprehended on the roof of a nearby house.

Based on this evidence, a jury convicted [Mann] of aggravated assault, robbery, conspiracy to commit robbery, and burglary, and the trial court adjudicated him guilty of person not to possess firearms. [The trial court imposed] a term of incarceration of twenty-two and one-half to forty-five years. [Mann] filed a timely [M]otion for reconsideration of sentence[, which was denied.]

*Commonwealth v. Mann*, 55 A.3d 125 (Pa. Super. 2012) (unpublished memorandum at 2-3).

This Court affirmed the judgment of sentence and the Supreme Court of Pennsylvania denied allowance of appeal on January 18, 2013. ***See id*.**, *appeal denied*, 62 A.3d 379 (Pa. 2013).

On October 1, 2013, Mann filed a timely *pro se* PCRA Petition. The PCRA court appointed Mann counsel, who subsequently filed a ***Turner***/***Finley***[1] "no-merit" letter and a Motion to Withdraw as Counsel. On December 2, 2014, the PCRA court granted counsel's Motion to Withdraw, and issued a Pennsylvania Rule of Criminal Procedure 907 Notice. Mann filed

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

a *pro se* Reply to the Rule 907 Notice. Thereafter, the PCRA court dismissed the Petition without a hearing.

Mann filed a timely *pro se* Notice of Appeal. Mann also filed a timely *pro se* court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement, raising thirty-six claims of error. The PCRA court issued an Opinion.

On appeal, Mann raises the following questions for our review:

I.  Whether [the] PCRA court committed reversible error when it: A) allowed counsel to be ineffective in failing to investigate[] Amoy Archer; B) allowed counsel to be ineffective in failing to elicit favorable testimony from Trooper Daryl Elias; C) allowed counsel to be ineffective in failing to ensure that [Mann's] shirt [was] tested [for] lead residue; D) allowed counsel to be ineffective in failing to elicit favorable testimony from [] Glover; E) allowed counsel to be ineffective in failing to object to false testimony; F) allowed counsel to be ineffective in failing to present favorable robbery evidence; G) allowed counsel to be ineffective in failing to elicit favorable testimony from [Weeks]; H) adopted counsel's no[-]merit letter in whole; I) allowed counsel to be ineffective in failing to object to the court's lack of jurisdiction and violation of **Alleyne** [**v. United States**, 133 S. Ct. 2151 (2013)]; J) allowed counsel to be ineffective in failing to object to [an] illegal, excessive sentence; K) allowed counsel to be ineffective in failing to object to uncharged evidence; L) allowed counsel to be ineffective by conceding [Mann's] fault; M) allowed counsel to be ineffective in failing to object to the prosecutor's misstatement of facts; N) allowed counsel to cumulatively prejudice [Mann] through his multiple instances of ineffectiveness; [and] O) failed to grant [an] evidentiary hearing[?]

II. [Whether] A) counsel was ineffective in failing to object to the court's misapplication of the law during sentencing; B) counsel was ineffective in failing to object to the court's double counting [Mann's] prior record score[?]

Brief for Appellant at 4 (some capitalization omitted, issues renumbered for ease of disposition).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, the PCRA court found subparts A) through E) of Mann's first claim to be waived for failing to properly raise the issues of trial counsel's ineffectiveness before the PCRA court. *See* PCRA Court Opinion, 6/30/15, at 11-14; *see also Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal."). Further, the PCRA court found that the fact that Mann had raised the ineffective assistance of trial and direct appeal counsel claims in his Reply to the Rule 907 Notice, without seeking leave to amend his PCRA Petition, did not preserve the claims. *See* PCRA Court Opinion, 6/30/15, at 12-13; *see also Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012) (concluding that claims raised for the first time in response to the court's Rule 907 notice are not preserved for review unless petitioner seeks, and the PCRA court grants, permission to file an amended petition). While Mann properly raised claims of PCRA counsel

ineffectiveness in the Reply to the Rule 907 Notice, *see Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009), he failed to raise such claims in his Concise Statement; thus, those claims are waived on appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (stating that any issues not raised in a Rule 1925(b) concise statement will be deemed waived). Based upon the foregoing, we conclude that the claims found at A) through E) are waived on appeal.

In his related claims at F) and G), Mann contends that the PCRA court failed to address his ineffectiveness claims against all prior counsel for failing to present evidence related to the victim, Weeks, that would have exonerated him of the robbery and conspiracy to commit robbery charges. Brief for Appellant at 23, 24-25, 43; *see also id*. at 41-42 (arguing that counsel failed to elicit favorable testimony from Weeks that led the jury to hear misleading evidence regarding the number of guns used during the robbery). Mann asserts that Weeks was not a victim in this case, but a co-conspirator because he was in possession of the money stolen from another victim, Glover, and that Weeks suffered no injuries, contrary to his claim that he suffered numerous injuries. *Id*. at 23-24, 43. Mann claims that there is a reasonable probability that the result of the proceedings would have been different had this evidence been introduced at trial. *Id*. at 24.

Here, Mann failed to raise any of these claims in his Rule 1925(b) Concise Statement. Thus, his claims are waived on appeal. **See Castillo**, 888 A.2d at 780.

In his claim at H), Mann contends that the PCRA court erred in allowing his PCRA counsel to withdraw because he did not fulfill the **Turner/Finley** requirements. Brief for Appellant at 13, 16. Mann argues that PCRA counsel failed to investigate and raise each issue that he sought to have reviewed. **Id**. at 13-14, 15. Mann asserts that PCRA counsel failed to interview him and failed to respond to any of his letters or phone calls. **Id**. at 15. Mann requests that the matter be remanded and he be appointed new counsel. **Id**. at 15-16.

Here, the PCRA court set forth the relevant standard of review, and concluded that Mann's claims are without merit. **See** PCRA Court Opinion, 6/30/15, at 43-53. We adopt the PCRA court's thorough and sound reasoning for the purpose of this appeal. **See id**.

In his claim at I), Mann contends that his trial, direct appeal, and PCRA counsel were ineffective for failing to object or raise issue concerning the bifurcated non-jury trial conducted by the trial court on the persons not to possess firearms charge. Brief for Appellant at 18. Mann argues that he did not execute a proper jury trial waiver. **Id**. Mann points out the written jury waiver form included a docket number that was not applicable to his

- 6 -

case. *Id*. Mann asserts that this was not harmless error, and requires a new trial. *Id*. at 18-19.

The PCRA court addressed Mann's claim and determined that he did not properly preserve it. *See* PCRA Court Opinion, 6/30/15, at 36-38. However, the PCRA court found that even if the claim was not waived, Mann's ineffectiveness claim as to trial counsel was without merit. *See id*. at 38-41, 42-43.[2] We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*. at 36-41, 42-43.[3]

As part of his I) claim, Mann also contends that his firearm sentence under 42 Pa.C.S.A. § 9712 was illegal based upon *Alleyne*. *See* Brief for Appellant at 19-22. Mann argues that *Alleyne* applies retroactively, and that his sentence must be vacated. *Id*. at 20-22. Mann asserts that his trial, appellate, and PCRA counsel were ineffective for failing to raise this claim. Brief for Appellant at 22-23.

---

[2] We note that, on appeal, Mann does not raise an issue with trial counsel's strategy in seeking a non-jury trial on the firearms charge. *See* PCRA Court Opinion, 6/30/15, at 41-42.

[3] Mann waived his claims related to direct appeal and PCRA counsel's ineffectiveness, for failing to raise an issue with the bifurcated trial, by failing to raise it in his Concise Statement. *See Castillo*, 888 A.2d at 780. However, even if the claims were properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that direct appeal and PCRA counsel were not ineffective. *See Commonwealth v. Thomas*, 44 A.3d 12, 17 (Pa. 2012) (stating that a failure to satisfy any of the three prongs of the ineffectiveness test requires rejection of an ineffective assistance of trial counsel claim, which requires rejection of a layered claim of ineffective assistance of counsel).

The PCRA court addressed Mann's *Alleyne* claim and determined it to be without merit. *See* PCRA Court Opinion, 6/30/15, at 30-33; *see also Commonwealth v. Riggle*, 119 A.2d 1058, 1067 (Pa. Super. 2015) (concluding that *Alleyne* does not apply retroactively even though appellant filed a timely first PCRA petition, as his judgment of sentence was final at the time *Alleyne* was decided).[4] We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See* PCRA Court Opinion, 6/30/15, at 30-33. Moreover, because Mann's underlying claim does not have arguable merit, his ineffectiveness claims fail. *See Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014) (stating that a failure to satisfy any prong of the ineffectiveness test, including whether the underlying claim has arguable merit, requires rejection of the claim).

In his claim at J), Mann contends that all of his counsel were ineffective for failing to raise claims related to the excessive sentence imposed by the trial court. *See* Brief for Appellant at 25-28. Mann argues that his sentence was outside the statutory guidelines and manifestly unreasonable. *Id*. at 26. Mann also asserts that the trial court misrepresented his juvenile record and improperly utilized enhancements

---

[4] We acknowledge that an appellant may properly invoke *Alleyne* in a timely first PCRA petition where the appellant's judgment of sentence was not yet final when *Alleyne* was decided. *See Commonwealth v. Ruiz*, 131 A.3d 54, 59 (Pa. Super. 2015). Additionally, Mann's argument that the United States Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which held that *Miller v. Alabama*, 132 S. Ct. 2455 (2012), applies retroactively, should be similarly applied to *Alleyne*, is flawed and without merit.

when imposing the sentence. *Id*. at 26-27. Mann claims that he is entitled to a new sentencing hearing. *Id*. at 28.

The PCRA court addressed Mann's claims, and determined that he only properly preserved his claim of ineffective assistance of direct appeal counsel with regard to the excessive sentence assertion. *See* PCRA Court Opinion, 6/30/15, at 26. The PCRA court found Mann's sole preserved claim to be without merit. *See id*. at 27-28, 33-34; *see also Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (stating that the trial court may, in its discretion, impose sentences concurrently or consecutively). We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See* PCRA Court Opinion, 6/30/15, at 26-28, 33-34.

In his claim at K), Mann contends that all of his prior counsel were ineffective for allowing the admission of two stipulations at trial.[5] Brief for Appellant at 28, 31. Mann argues that he did not knowingly and voluntarily agree to the stipulations and relied upon counsel's advice in signing the stipulations. *Id*. at 29, 30. Mann asserts that counsel should have filed a pre-trial motion to exclude the evidence in the stipulations, not allow them into evidence. *Id*. Mann points out that the stipulations allowed the admission of multiple guns, most of which were not relevant to his case. *Id*.

---

[5] Stipulation 1 set forth the proper chain of custody of the Commonwealth's trial exhibits. *See* PCRA Court Opinion, 6/30/15, at 74. Stipulation 2 set forth various items of physical evidence recovered from the crime scene, swabs from the seized firearms, buccal swabs, and a report from Forensic Scientist Supervisor Michael L. Brincat. *See id*.

at 30. Mann claims that because of the admission of multiple guns, he was compelled to defend himself concerning his own actions, as well as the actions of other people. *Id*.

The PCRA court addressed Mann's claims related to trial counsel and determined that they are without merit. *See* PCRA Court Opinion, 6/30/15, at 72-78. We adopt the sound and thorough reasoning of the PCRA court for the purpose of this appeal. *See id*.[6]

In his claim at L), Mann contends that his counsel was ineffective for failing to protect Mann's constitutional rights by allowing the prejudicial admission of other crimes evidence. Brief for Appellant at 31. Mann argues that trial counsel stipulated, without his consent, that two guns, including one he allegedly possessed, were stolen from a residence in Uniontown, Pennsylvania. *Id*. at 32. Mann asserts that this stipulation is false as other guns were stolen from the residence. *Id*. Mann claims that counsel's actions forced him to answer for additional crimes for which he was not charged. *Id*. at 32, 33. Mann further argues that there was no reasonable basis for counsel's actions. *Id*. at 32.

---

[6] Mann waived his claims related to appellate and PCRA counsel's ineffectiveness based upon the admission of the stipulations by failing to raise it in his Concise Statement. *See Castillo*, 888 A.2d at 780. However, even if the claims were properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that direct appeal and PCRA counsel were not ineffective. *See Thomas*, 44 A.3d at 17.

The PCRA court addressed this claim and determined it to be without merit. **See** PCRA Court Opinion, 6/30/15, at 64-72. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. **See id**.[7]

In his claim at M), Mann contends that his trial counsel was ineffective for failing to object to the prosecutor's various misstatements during closing argument. Brief for Appellant at 46-49. Mann argues that counsel did not have a reasonable basis for failing to object to the closing argument and effectively abandoned him at a critical stage of the proceedings. **Id**. at 49. Mann also asserts that his direct appeal and PCRA counsel were ineffective for failing to raise this claim. **Id**. at 50.

The PCRA court addressed Mann's claims and determined them to be without merit. **See** PCRA Court Opinion, 6/30/15, at 53-59. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. **See id**. Additionally, based upon the PCRA court's finding that trial counsel was not ineffective, we conclude that direct appeal counsel was not ineffective. **See**

---

[7] Mann's contention that appellate and PCRA counsel were ineffective for failing to raise and argue this claim is waived for failing to raise it in his Concise Statement. **See Castillo**, 888 A.2d at 780. However, even if the claims were properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that direct appeal and PCRA counsel were not ineffective. **See Thomas**, 44 A.3d at 17.

*Thomas*, 44 A.3d at 17.[8]

In his claim at N), Mann contends that the cumulative effect of trial counsel's ineffectiveness collectively warrants relief on his claims. *See* Brief for Appellant at 50-53.

The PCRA court addressed this claim and determined that it is without merit. *See* PCRA Court Opinion, 6/30/15, at 79-81. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*.

In his claim at O), Mann contends that the PCRA court erroneously failed to hold an evidentiary hearing on his PCRA Petition. Brief for Appellant at 16. Mann argues that he was not afforded a meaningful review of his claims, and that a hearing on the facts presented would have changed the outcome of the proceedings. *Id*. at 16-17.

The PCRA court addressed Mann's claim and determined that it is without merit. *See* PCRA Court Opinion, 6/30/15, at 81-84. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*.

In his second claim, Mann contends that his trial counsel was ineffective for failing to object to the trial court sentencing him to four mandatory minimum sentences, for misapplying the prior record score and offense gravity score, and sentencing him outside the guidelines. *See* Brief

---

[8] Mann's contention that PCRA counsel was ineffective for failing to raise and argue this claim is waived for failing to raise it in his Concise Statement. *See Castillo*, 888 A.2d at 780. However, even if the claim was properly preserved, based upon the PCRA court's finding that trial counsel was not ineffective, we would also conclude that PCRA counsel was not ineffective. *See Thomas*, 44 A.3d at 17.

for Appellant at 53-55. Mann also argues that his trial counsel was ineffective for failing to object to the double counting of his prior record score when the trial court imposed the sentence. *Id*. at 55-57. Mann asserts that his direct appeal and PCRA counsel were also ineffective for failing to properly raise these claims. *Id*. at 55, 57.

Here, Mann did not raise these claims in his PCRA Petition. *See Santiago*, 855 A.2d at 691. Further, Mann failed to raise any of these claims in his Rule 1925(b) Concise Statement. *See Castillo*, 888 A.2d at 780. Thus, his claims are waived on appeal.[9]

Order affirmed.

P.J.E. Bender files a concurring statement in which Judge Musmanno joins.

P.J.E. Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[9] As noted above, the PCRA court addressed Mann's ineffectiveness claims as to the discretionary aspects of his sentence and found them to be without merit. *See* PCRA Court Opinion, 6/30/15, at 26-28, 33-34; *see also Mann*, 55 A.3d 125 (unpublished memorandum at 10-11) (wherein this Court addressed Mann's discretionary aspects of sentencing claim on direct appeal and determined that it was without merit). To the extent Mann raises additional legality of sentence claims, we determine that they are without merit.

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CRIMINAL**


COMMONWEALTH OF PENNSYLVANIA     :       NO. 4106-09

                 : 

           v.              :

                 :

SYHEAM MANN                :

John F. X. Reilly, Esquire – Deputy District Attorney for the Commonwealth
Syheam Mann – *Pro Se*


## OPINION

**Kelly, J.**                                     **Date: June 30, 2015**

A criminal complaint was filed on or about July 10, 2009, by Criminal Investigator Donald Beese, Upper Darby Township Police Department, charging Syheam Mann (hereinafter referred to as "Defendant" or "Mann"), *inter alia*, with Criminal Attempt to commit Homicide,[1] Robbery,[2] Aggravated Assault,[3] Burglary,[4] Person Not to Possess ... Firearms,[5] and Criminal Conspiracy to commit Robbery.[6]

On August 21, 2009, a preliminary hearing was held before the Magisterial District Court and after the Commonwealth's presentation of evidence, the presiding Magisterial District Judge held the Defendant for trial court purposes as to all prosecuted offenses.[7] N.T. 8/21/09, pp. 122-23.

---

[1] 18 Pa.C.S. § 901(2501).
[2] 18 Pa.C.S. § 3701.
[3] 18 Pa.C.S. § 2702.
[4] 18 Pa.C.S. § 3502.
[5] 18 Pa.C.S. § 6105.
[6] 18 Pa.C.S. § 903(3701).

[7] On the close of its evidentiary presentation, the prosecution withdrew the following original charges: Unlawful Restraint, 18 Pa.C.S. § 2902; Simple Assault, 18 Pa.C.S. § 2701; Recklessly Endearing Another Person, 18 Pa.C.S. § 2705; Criminal Mischief, 18 Pa.C.S. § 3304; Harassment, 18 Pa.C.S. § 2709; and Receiving Stolen Property, 18 Pa.C.S. § 3925. N.T. 8/21/09, pp. 117-18.

Defendant Mann was formally arraigned before the trial court on September 17, 2009, at which time the Office of the District Attorney of Delaware County lodged against him Criminal Informations averring, *inter alia*, as follows: Information A - Criminal Attempt to commit Homicide;[8] Information B - Robbery;[9] Information C - Burglary;[10] Information D - Person Not to Possess ... Firearms;[11] Information F - Criminal Conspiracy to commit Robbery;[12] Information G (Count I) - Aggravated Assault;[13] and Information G (Count II) - Aggravated Assault.[14] *See* Criminal Informations. The Commonwealth as well filed a Notice of Proposed Joinder Under Pennsylvania Rule of Criminal Procedure 582 of its intent to collectively try Defendant Mann, along with his co-defendants, Jeffrey Mason (No. 5072-09) and Edwin Clark (No. 5071-09).[15] *See* Pa.R.Crim.P. 582. *See also Commonwealth v. Mason*, No. 5072-09 - Delaware County, and *Commonwealth v. Clark*, No. 5071-09 - Delaware County.

A jury trial commenced before this court on December 16, 2009,[16] and concluded on

---

[8] 18 Pa.C.S. § 901(2501).
[9] 18 Pa.C.S. § 3701.
[10] 18 Pa.C.S. § 3502.
[11] 18 Pa.C.S. § 6105.
[12] 18 Pa.C.S. § 903(3701).
[13] 18 Pa.C.S. § 2702.
[14] *Id.*

[15] Defendant Mann through his counsel filed of record on October 9, 2009, a Motion for Severance. *See* Motion for Severance. A resulting hearing was held on October 13, 2009, and by agreement of counsel, *inter alia*, the court reviewed the notes of testimony from the joint, co-defendant preliminary hearing. By order of October 21, 2009, the court denied the severance motion. *See* Order dated October 21, 2009. Those concerns, if any, presented by this severance application subsequently became moot as both co-defendants, Mason and Clark, pled guilty, and Defendant Mann alone proceeded to trial.

Defendant Edwin Clark (No. 5071-09) entered an open guilty plea before this court on December 15, 2009, and was sentenced on February 2, 2010. *See Commonwealth v. Clark*, No. 5071-09 – Delaware County. Defendant Jeffrey Mason (No. 5072-09) as well, on December 15, 2009, entered before this court an open guilty plea and was subsequently sentenced. *See Commonwealth v. Mason*, No. 5072-09 – Delaware County.

[16] Immediately before trial, defense counsel orally renewed his Motion to Dismiss the Attempted Homicide Information (A) grounded in alleged concerns resulting from victim, Ryan Glover's van being returned to him

2

December 18, 2009.[17]  N.T. 12/16/09.  N.T. 12/17/09.  N.T. 12/18/09.  As to Information B -

Robbery,[18] Information C - Burglary,[19] Information F - Criminal Conspiracy to commit

Robbery,[20] and Information G (Count I) - Aggravated Assault,[21] the jury found Defendant Mann

guilty.  N.T. 12/18/09, pp. 117-19.  The jury as well found the Defendant not guilty regarding

Information A - Criminal Attempt to commit Homicide.[22]  This court sitting non-jury found

Defendant Mann guilty of Information D - Person Not to Possess ... Firearms.[23]  *See* Jury's and

Court's Verdicts, dated December 18, 2009.

---

following the police's investigative, evidentiary examination of the vehicle.  The motion was denied by the court.  N.T. 12/16/10, pp. 4-8.

Previously, on November 13, 2009, Defendant Mann's attorney lodged of record a substantially similar Motion to Dismiss the Attempted Criminal Homicide Information for Spoilation of Evidence.  *See* Motion to Dismiss.  By order dated November 24, 2009, upon such an oral application of defense counsel, the court directed, without objection, that the motion be noted as withdrawn without prejudice to the Defendant and/or his lawyer thereafter filing the same and/or a largely similar pleading as material circumstances may then warrant and/or as otherwise believed appropriate.  *See* Order dated November 24, 2009.

[17] Prior to the commencement of the trial's evidentiary presentation, without objection, the Commonwealth, of record, withdrew the balance of its past filed Informations (Information E - Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106; Information G (Count II) - Aggravated Assault, 18 Pa.C.S. § 2702; Information H - Criminal Trespass, 18 Pa.C.S. § 3503; Information I - Terroristic Threats, 18 Pa.C.S. § 2706; Information J - Prohibited Offensive Weapons, 18 Pa.C.S. § 908; Information K - Possessing Instruments of Crime, 18 Pa.C.S. § 907; and Information L - Loitering and Prowling, 18 Pa.C.S. § 5506).  N.T. 12/16/09 (Robing Room Conference), pp. 3-7.

[18] 18 Pa.C.S. § 3701.
[19] 18 Pa.C.S. § 3502.
[20] 18 Pa.C.S. § 903(3701).
[21] 18 Pa.C.S. § 2702.
[22] 18 Pa.C.S. § 901(2501).

[23] Recognizing the Defendant was charged with various violent, crimes and also by Information D – Person Not to Possess ... Firearms, 18 Pa.C.S. § 6105, and that to sustain its burden regarding this firearm offense the Commonwealth was required to prove beyond a reasonable doubt the Defendant's past, disqualifying felony conviction, defense counsel sought to sever this Information (D) from the balance of charges proceeding to trial by jury.  With the Commonwealth's agreement, Information D - Person Not to Possess ... Firearms, 18 Pa.C.S. § 6105, was contemporaneously tried before this court non-jury, and for such purposes, the entire evidentiary presentation to the jury as relevant and admissible was incorporated into the record, along with a stipulation to the Defendant's prior, disqualifying, criminal conviction.  Upon the advice and consent of his attorney, the Defendant on being colloquied of record by counsel and the court concurred with this course of proceeding.  N.T. 12/16/09, pp. 10-18; N.T. 12/18/09, pp. 101-05.  *See also* Stipulation filed in open court.

3

By letter dated February 25, 2010, the Commonwealth gave notice to the Defendant through counsel of its intent to invoke the applicable Sentences for Offenses Committed with Firearms mandatory sentencing provisions[24] as to Informations B, C, F and G (Count I). *See* Commonwealth's Notice.

On April 9, 2010, Defendant Mann following such a hearing[25] was sentenced by this court consistent with the respective offenses relevant Pennsylvania Sentencing Guidelines' standard ranges[26] as follows: Information B (Robbery)[27] – a term of eighty-four (84) through one hundred sixty-eight (168) months incarceration; Information C (Burglary)[28] – a period of imprisonment of sixty-six (66) to one hundred thirty-two (132) months; Information D (Person Not to Possess ... Firearms)[29] – a term of sixty (60) through one hundred twenty (120) months incarceration; Information F (Criminal Conspiracy to commit Robbery)[30] – a period of imprisonment of sixty-six (66) to one hundred thirty-two (132) months; and Information G (Count I – Aggravated Assault)[31] – a term of seventy-eight (78) through one hundred fifty-six (156) months incarceration. The court further directed that the sentences per Informations C (Burglary),[32] D (Person Not to Possess ... Firearms),[33] F (Criminal Conspiracy to commit Robbery),[34] and G (Count I – Aggravated Assault)[35] were each to run consecutively with one

---

[24] 42 Pa.C.S. § 9712.

[25] At trial, Kevin Mark Wray, Esquire, represented the Defendant. Prior to sentencing, Qwai Abdul Rahman, Esquire, assumed stewardship of Defendant Mann's interests.

[26] *See* Defendant's Sentencing Guidelines.

[27] 18 Pa.C.S. § 3701.
[28] 18 Pa.C.S. § 3502.
[29] 18 Pa.C.S. § 6105.
[30] 18 Pa.C.S. § 903(3701).
[31] 18 Pa.C.S. § 2702.
[32] 18 Pa.C.S. § 3502.
[33] 18 Pa.C.S. § 6105.
[34] 18 Pa.C.S. § 903(3701).

4

another while that of Information B (Robbery)[36] was to be served concurrently with these consecutive incarceration terms. Thus, the aggregate sentenced imposed was twenty-two and a half (22.5) through forty-five (45) years imprisonment. N.T. 4/9/10, pp. 32-33. *See also* Certificate of Imposition of Judgment of Sentence.[37]

Defendant Mann, on April 19, 2010, timely lodged with the Office of Judicial Support of Delaware County a counseled Motion for Reconsideration of Sentence. *See* Motion for Reconsideration of Sentence. By order dated May 5, 2010, after a hearing having been held, the court denied Defendant Mann's reconsideration motion as no material grounds and/or salient evidence was averred and/or presented beyond that offered at the original sentencing proceeding (April 9, 2010). *See* Order dated May 5, 2010. *See also* N.T. 5/5/10.

Defendant Mann, on June 9, 2010, filed a *pro se* Notice of Appeal to the Superior Court of Pennsylvania. *See* Notice of Appeal dated June 9, 2010. *See also* Superior Court No. 1581 EDA 2010. In response to its letter of June 11, 2010, regarding the *pro se* appeal taken by the Defendant, Patrick J. Connors, Esquire of the Office of the Delaware County Public Defender, informed this court by correspondence dated June 22, 2010, that his office would hence be representing Defendant Mann. The court via order dated June 28, 2010, directed the Defendant's attorney to lodge of record a Concise Statement of Matters Complained of on Appeal. *See* Order

---

[35] 18 Pa.C.S. § 2702.
[36] 18 Pa.C.S. § 3701.

[37] With the agreement of counsel, the court concluded that none of the crimes for which Defendant Mann was convicted merged as related to sentencing. N.T. 4/9/10, pp. 4, 33-34.

The court as well determined at sentencing, without objection, that the Defendant was not eligible for recidivism risk reduction incentive consideration, 61 Pa.C.S. §§ 4501 *et seq.*, due to his criminal history and/or the nature of certain convictions at bar. N.T. 4/9/10, p. 32.

Absent opposition, the court also found that such appropriate prior notice had been given as well as the prosecution had sufficiently proven the applicability of the Sentences for Offenses Committed with Firearms' mandated provision, 42 Pa.C.S. § 9712. N.T. 4/9/10, pp. 32-33.

5

dated June 28, 2010. Responding to this court order (June 28, 2010), Defendant Mann's counsel timely filed on July 16, 2010, a Statement of Matters Complained of on Appeal raising three (3) assignments of error. *See* Statement of Matters Complained on Appeal, dated July 16, 2010.

Per order of July 21, 2010, the Superior Court directed Defendant Mann to show cause as to why his appeal should not have been quashed as untimely having been filed on June 9, 2010, two (2) days after the appeal notice was due (June 7, 2010). *See* Pa.R.A.P. 903(a). *See also* Superior Court No. 1581 EDA 2010, Order dated July 21, 2010. On July 28, 2010, Defendant Mann responded to the appellate court's order (July 21, 2010). *See* Superior Court No. 1581 EDA 2010.

On September 14, 2010, the Superior Court directed that " ... the issue raised by this Court's Order [July 21, 2010 – appeal's timeliness] will be referred to the panel assigned to decide the merits of this appeal and the issue will be considered by that panel." *See* Superior Court No. 1581 EDA 2010, Order dated September 14, 2010.

This court on December 13, 2010, entered of-record pursuant to Pa.R.A.P. 1925(a) its opinion resulting from the Defendant's appeal notice described immediately above and relatedly directed the Judicial Support Office of Delaware County to transmit to the Superior Court the salient case record. *See* Opinion dated December 13, 2010. *See also* AOPC Case Docket and Superior Court No. 1581 EDA 2010.

On February 18, 2011, the Defendant lodged a *pro se* Application for Appointment of Counsel with this court. *See* Application for Appointment of Counsel. On this same date (February 18, 2011), the Defendant forwarded to this court a letter detailing his dissatisfaction with his appellate lawyer and appended to this letter was correspondence from Attorney Connors to Defendant Mann in which counsel discussed the frivolity of the pending appeal. *See*

6

Defendant's Letter. On March 2, 2011, this court directed a hearing be held regarding the Defendant's *pro se* application. Such a hearing took place on March 10, 2011. The court dismissed the Defendant's *pro se* application via an order of this same date (March 10, 2011). *See* Order dated March 10, 2011.

On March 16, 2011, the Defendant's lawyer filed with the Superior Court an *Anders* brief and application to withdraw. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967). *See* Superior Court No. 1581 EDA 2010.

The Office of the District Attorney of Delaware County on April 15, 2011, lodged with the Superior Court a Motion to Quash and Brief for Appellee in support of its motion. *See* Motion to Quash and Supporting Brief.

On April 18, 2011, the Superior Court ordered Defendant Mann to lodge a response to his counsel's withdrawal petition and *Anders* brief within ninety (90) days subsequent. *See* Superior Court No. 1581 EDA 2010, Order dated April 18, 2011. On May 12, 2011, the appellate court directed that the Commonwealth's Motion to Quash was to be deferred to the panel assigned to deciding the merits of the Defendant's appeal. *See* Superior Court, No. 1581 EDA 2010, Order dated May 12, 2011.

On May 26, 2011, Defendant Mann filed with the appellate court an "Application for Extension of Time to File Pro Se [*sic*] Response to Counsel's Petition to Withdraw and Anders [*sic*] Brief." *See* Superior Court No. 1581 EDA 2010. On June 23, 2011, the Superior Court granted the Defendant's extension request. *See* Superior Court, No. 1581 EDA 2010, Order dated June 23, 2011.

On March 6, 2012, the Superior Court found the Defendant's *pro se* Notice of Appeal was timely filed under the "prisoner mailbox rule." *See* Superior Court No. 1581 EDA 2010,

Opinion dated March 6, 2012, pp. 2-4. By way of this same opinion (March 6, 2012), the appellate court denied not only the Commonwealth's Motion to Quash, but also appellate counsel's petition to withdraw and further instructed Defendant Mann's attorney to file an advocate's brief or a second *Anders* brief. *See* Superior Court No. 1581 EDA 2010, Opinion dated March 6, 2012.

On April 20, 2012, the Defendant's appellate counsel lodged a second *Anders* brief and related withdrawal application. *See* Superior Court No. 1581 EDA 2010.

The Superior Court on July 9, 2012, found direct appeal counsel's second *Anders* brief to be proper, as well as reviewed and rejected Defendant Mann's *pro se* claims advanced per his response to his lawyer's *Anders* filing, including the following: A claim grounded in the victim's van being returned to him on the police investigative examination of the same being concluded; A challenge to his sentence; and An allegation of prosecutorial misconduct related to the Assistant District Attorney's closing. *See* Superior Court No. 158 EDA 2010, Opinion dated July 9, 2012, pp. 5, 7-13. The Superior Court thus affirmed the Defendant's judgment of sentence. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, p. 13.

On August 8, 2012, Defendant Mann lodged a *pro se* Petition for Allowance of Appeal with the Pennsylvania Supreme Court. *See* Supreme Court No. 686 MAL 2012. The Supreme Court of Pennsylvania via its order of January 18, 2013, denied the Defendant's allowance of appeal petition. *See* Supreme Court No. 686 MAL 2012, Order dated January 18, 2013. The Defendant did not file with the United States Supreme Court a Petition for Writ of Certiorari.

Defendant Mann on or about October 1, 2013, timely lodged a *pro se* Petition for Post Conviction Collateral Relief. *See* Defendant's Petition. This petition being his first PCRA pleading the Defendant for such purposes was entitled to counsel's assistance. *See generally*

8

*Commonwealth v. Luckett*, 700 A.2d 1014, 1016 (Pa.Super. 1997). *See also Commonwealth v. Perez*, 799 A.2d 848, 851-52 (Pa.Super. 2002) *citing Commonwealth v. Guthrie*, 749 A.2d 502, 504 (Pa.Super. 2000); *Commonwealth v. Ferguson*, 722 A.2d 177, 179 (Pa.Super. 1998); *Commonwealth v. Hampton*, 718 A.2d 1250, 1252-53 (Pa.Super. 1998); and *Commonwealth v. Ramos*, 14 A.3d 894, 895-96 (Pa.Super. 2011). Per such an order dated October 8, 2013, and consistent with his request for counsel's stewardship, Stephen D. Molineux, Esquire was for this collateral action appointed to represent the Defendant. *See* Defendant's Petition, p. 22. *See also* Order dated October 8, 2013.

Subsequent to his requesting and being granted extensions of time within which to lodge of-record an amended PCRA pleading, appointed counsel in compliance with the dictates of *Commonwealth v. Finley*, 481 U.S. 551, 558-59, 107 S.Ct. 1990, 1995 (1987), *Commonwealth v. Turner*, 518 Pa. 491, 495, 544 A.2d 927, 928-29 (1988) and *Commonwealth v. Friend*, 896 A.2d 607, 614-15 (Pa.Super. 2006), filed on or about April 28, 2014, an "Application to Withdraw Appearance" and supporting "No Merit Letter." *See* "Application to Withdraw" and supporting "No Merit Letter." *See also* Orders dated February 7, 2014, and March 27, 2014. By his "No Merit Letter," the Defendant's lawyer based on his comprehensive, advocate's review of the salient record and related investigation found Defendant Mann's various explicit and/or implicit collateral claims raised by his PCRA pleading lacked merit and/or otherwise were unsupported by the material record. *See* "No Merit Letter," pp. 1, 16.

The court via order of December 2, 2014, granted Attorney Molineux's withdrawal application and entered a related Notice of Intent to Dismiss Without a Hearing. *See* Order and Dismissal Notice dated December 2, 2014.

9

On December 15, 2014, Defendant Mann filed his Petitioner's Reply to PCRA Counsel's Application to Withdraw Appearance, No Merit Letter, and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907. *See* Petitioner's Reply.

The court by order dated December 24, 2014, dismissed the Defendant's collateral pleading. *See* Order dated December 24, 2014.

On January 20, 2015, Defendant Mann lodged a timely *pro se* Notice of Appeal from the court's dismissal of his PCRA petition. *See* Notice of Appeal dated January 20, 2015.

Per such an order of this same date (January 20, 2015), the court instructed Defendant Mann to file a Concise Statement of Matters Complained of on Appeal. *See* Order dated January 20, 2015. Responding to this order (January 20, 2015), the Defendant timely lodged on February 6, 2015, a *pro se* statement of appellate complaints. *See* Statement of Matters Complained. Although his PCRA petition advanced fourteen (14) collateral claims and his reply to the court's dismissal notice set forth five (5) allegations of appointed counsel's supposed professional incompetence, Defendant Mann by his complaints on appeal statement yet lists thirty-six (36) error assignments. *See* Defendant's Petition; Petitioner's Reply; and Statement of Matters Complained.

Despite the voluminous nature of the Defendant's statement of matters complained, a majority of the complaints on appeal per that immediately below can be summarily addressed. A notable number of Defendant Mann's appellate complaints for purposes of the pending appeal have been waived. Another appreciable group of his error assignments related to this court allegedly "infringing" on the Defendant's constitutional rights are nothing more than bald, boilerplate assertions unsupported by any meaningfully developed arguments, even assuming appellate review of the same has not been waived. Those many attacks on direct appeal

10

counsel's stewardship were previous decided adverse to Defendant Mann with the Superior Court on its independent case record review accepting his appellate attorney's *Anders* brief, permitting counsel's withdraw, and affirming the sentencing judgment at bar. While the Defendant's various challenges to his sentence do require some discussion in light of the recent Pennsylvania Supreme Court decision, *Commonwealth v. Hopkins*, 98 MAP 2013 (Pa. 2015), his continued complaints about the discretionary aspects of the sentence at bar, whether such attacks are directed toward this court or his attorneys, are just meritless recognizing that Defendant Mann's sentence was past examined by the Superior Court and found to be within a trial court's discretionary sentencing authority. As for the more modest balance of the Defendant's complaints on appeal, these error assignments will be discussed subsequent.

## I. Waived Assignments of Error.

It is long-settled law that for purposes of subsequent appellate review issues must first be raised before the trial court. Pa.R.A.P. 302(a)("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellate review of collateral claims is thus generally a function of the PCRA petition's averments, filings amending the original collateral pleading, assuming such leave of court has been sought and permitted, and those attacks on PCRA counsel's stewardship set forth by a defendant's *pro se* response to the court's dismissal notice. *See Commonwealth v. Spotz*, 610 Pa. 17, 71, Fn. 17, 18 A.3d 244, 275, Fn. 17 (2011) and *Commonwealth v. Jones*, 572 Pa. 343, 358-59, 815 A.2d 598, 607-08 (2002) *citing Commonwealth v. Bond*, 572 Pa. 588, 599-600, 819 A.2d 33, 39 (2002); *Commonwealth v. Basemore*, 560 Pa. 258, 272, 744 A.2d 717, 725 (2000); and *Commonwealth v. Albrecht*, 554 Pa. 31, 56, 720 A.2d 693, 706 (1998). Because a notable majority of Defendant Mann's error assignments were not advanced previous before this court, but rather averred for the first time on

11

appeal, these belated collateral claims for purposes of the pending appellate review should be deemed waived. *Id. See also* Pa.R.A.P. 302(a).

The Defendant via his Petition for Post Conviction Collateral Relief raised fourteen (14) original claims. *See* Defendant's Petition, pp. 5-7. His reply to PCRA counsel's Application to Withdraw Appearance, No-Merit Letter, and the court's Notice of Intent to Dismiss set forth five (5) alleged instances of collateral counsel's supposed ineffectiveness. *See* Petitioner's Reply, p. 2. A comparative review of these collateral pleadings lodged with this court and the Defendant's Statements of Matters Complained readily reveals numerous error assignments not past advanced before this court, including but not limited to the following: Trial court's supposed lack of jurisdiction; Numerous alleged instances of direct appeal counsel's purported ineffectiveness; Various attacks on trial counsel's purported incompetence; and Numerous claims this court in varied ways infringed the Defendant's constitutional rights. *See* Statements of Matters Complained, Nos. 7, 8, 11, 12, 13, 16, 18, 19, 21, 22, 23, 26, 27, 28-36.[38]

This court acknowledges that some of those error assignments described above were noted by Defendant Mann via his reply to the dismissal notice in addition to its five (5) allegations of collateral counsel's supposed incompetence. *See* Petitioner's Reply. This court relatedly recognizes that at bar the Defendant neither sought nor was he allowed leave to amend his original PCRA pleading. Defendant Mann's misuse of the opportunity afforded him to reply to the dismissal notice and/or his PCRA attorney's "No Merit Letter" by including numerous and varied, new collateral claims does not save those error assignments grounded in challenges first

---

[38] Although for those reasons detailed above all these error assignments should be seen for purposes of the pending appellate review as waived, those complaints on appeal salient to direct appeal counsel's purported incompetence, certain discretionary sentencing concerns, and the supposed infringement of the Defendant's constitutional rights are further discussed *infra* as it relates to their meritless nature and/or being past litigated adverse to Defendant Mann. *See* Sections III, IV, V. Because jurisdictional and sentencing legality claims are non-waivable, such are also addressed *infra*. *See* Sections V, VI.

raised on appeal from being seen as waived. *See* Statements of Matters Complained, Nos. 8, 10, 11, 12, 18, 19, 23, 26, 28, 29, 30, 31, 32, 34, 35, and 36. *See also* Petitioner's Reply, pp. 17-19, 33-37, 40-43, 46-48, 60, 64-66, and 54-56. The Superior Court in such regard has on appeal found waiver of such belatedly advanced appellate complaints.

> While Appellant was explicitly instructed that he could respond, and by law is authorized to file a response to the court's pre-dismissal notice, both [*Commonwealth v.*] *Williams*, 732 A.2d at 1191, and Pa.R.Crim.P. 905, suggest that in order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition. *See also* [*Commonwealth v.*] *Paddy* [, 609 Pa. 272, 15 A.3d 431 (2011)] [...]; *Commonwealth v. Porter*, [613 Pa. 510, 523-24], 35 A.3d 4, 12 (2012) ("amendment is permitted only by direction or leave of the PCRA court."); *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806, 825 n. 19 (2004); [*Commonwealth v.*] *Derrickson*, [923 A.2d 466,] 469 [(Pa.Super. 2007)]. Having not sought permission to amend his petition to raise these new claims, the PCRA court was not required to address the issues and it did not. Hence, Appellant's final two claims do not entitle him to relief. [*Commonwealth v.*] *Williams*, [557 Pa. 207, 252-53,] 732 A.2d [1167,] 1191 [(1999)].

*Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa.Super. 2012).

By his reply, Defendant Mann improperly averred entirely new and unrelated claims from those asserted in his PCRA petition beyond collateral counsel's stewardship. *See* Petitioner's Reply. *See also Commonwealth v. Porter supra* 613 Pa. at 523-24, 35 A.3d at 12. As detailed throughout the reply's sixty-nine (69) single spaced pages, these untimely collateral claims focused on a wide array of topics, stemming from trial and collateral counsel's supposed ineffectiveness, this court's abuse of discretion and prosecutorial misconduct, yet well less than a third of such claims were past raised in the Defendant's collateral petition. *See* Petitioner's Reply, pp. 17-66. *See also* Defendant's Petition.

13

The parameters of the pending appellate review have been defined by the averments of Defendant Mann's PCRA petition, his dismissal notice reply's claims of collateral counsel's incompetence, and the absence of him having sought and been granted leave to amend his original PCRA pleading.[39] Resultantly, those collateral challenges set forth for the first time on appeal by way of the Statement of Matters Complained and not past alleged per the Defendant's PCRA petition and/or those averred instances of collateral counsel's purported ineffectiveness advanced via the dismissal notice reply should for purposes of the pending appellate review be deemed waived. *See* Pa.R.A.P. 302(a) and *Commonwealth v. Spotz supra* 610 Pa. at 71, Fn. 17, 18 A.3d at 275, Fn. 17; *Commonwealth v. Jones supra* 572 Pa. at 359, 815 A.2d at 607-08 *citing Commonwealth v. Bond supra* 572 Pa. at 599-600, 819 A.2d at 39; *Commonwealth v. Basemore supra* 560 Pa. at 272, 744 A.2d at 725; and *Commonwealth v. Albrecht supra* 554 Pa. at 56, 720 A.2d at 706. *See also* Statement of Matters Complained, Nos. 7, 8, 11, 12, 13, 16, 18, 19, 21, 22, 23, 26, 27, 28-36.

## *II. The PCRA Court Erred When it Failed to Interpret Defendant's Reply to Finley and 907 as an Amended Petition.*

Defendant Mann contends per this error assignment that the court was mistaken in failing to "interpret" his Petitioner's Reply to its dismissal notice and his counsel's "No Merit Letter" as an amended PCRA petition and/or seemingly an application that he be granted such leave. *See* Statement of Matters Complained, No. 4.

It is only for the first time on appeal through his statement of appellate complaints that Defendant Mann advances his "amended petition" argument. *See* Statement of Matters

---

[39] Defendant Mann has seemingly acknowledged his failure to have requested and been allowed by this court leave to amend his original collateral filing is for him problematic as evidenced per the appellate complaint that the court erred in not "interpreting" his dismissal notice reply to be such an amendment application. *See* Statement of Matters Complained, No. 4. The meritless nature of this error assignment is further discussed *infra*. *See* Section II.

Complained, No. 4. *See also* Defendant's Petition and Petitioner's Reply. Defendant Mann having failed to raise before this court his current "amended petition" claim and opting to do so only for the first time at bar on appeal, this error assignment for purposes of appellate review should be deemed waived. *See* Pa.R.A.P. 302(a). *See also Commonwealth v. Duffy*, 832 A.2d 1132, 1137 (Pa.Super. 2003); *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa.Super. 2015); and *Commonwealth v. Parker*, 104 A.3d 17, 28 (Pa.Super. 2014).

Even assuming this error assignment is not found to have been waived, the Defendant's claim that this court was mistaken in not "interpreting" his reply to its dismissal notice was rather an application to amend the original petition's collateral claims is on the record at bar without support and meritless.

The Supreme Court of Pennsylvania in *Commonwealth v. Porter* observed, "[o]ur procedural Rules contemplate that amendments to pending PCRA petitions are to be 'freely allowed to achieve substantial justice.' Pa.R.Crim.P. 905(A)." *Commonwealth v. Porter supra* 613 Pa. at 523, 35 A.3d at 12. The Supreme Court further found in *Porter* that the " ... appellant is mistaken in arguing that Rule 905 amendments are self-authorizing, *i.e.* that a petitioner may simply 'amend' a pending petition with a supplemental pleading. Rather the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." *Id.* at 523-24, 35 A.3d at 12. *See also Commonwealth v. Rykard supra* 55 A.3d at 1192 *citing Commonwealth v. Williams supra* 557 Pa. at 252-53, 732 A.2d at 1191; *Commonwealth v. Paddy supra* 609 Pa. at 339-40, 15 A.3d at 471; *Commonwealth v. D'Amato supra* 579 Pa. at 522, Fn. 19, 856 A.2d at 825, Fn. 19; *Commonwealth v. Derrickson supra* 923 A.2d at 469; and *Commonwealth v. Baumhammers*, 92 A.3d 708, 730-31 (Pa. 2014). The Pennsylvania Supreme

15

Court also relatedly noted that the defendant in *Porter* wrongly addressed new and unrelated claims via his "amended" petition of his initial PCRA filing. *Id.* at 523-24, 35 A.3d at 12.

While this court properly informed Defendant Mann of his opportunity to respond to its dismissal notice pursuant to Pa.R.Crim.P. 907(1), ("Defendant Mann may respond to this Notice of Intent to Dismiss Without a Hearing within twenty (20) days of this notice's date."), such an advisement was certainly not this court granting the Defendant permission to file either an amended or an entirely new collateral petition. *See* Dismissal Notice and Order dated December 2, 2014, p. 2. *See also Commonwealth v. Rykard supra* 55 A.3d at 1192 *citing Commonwealth v. Williams supra* 557 Pa. at 252-53, 732 A.2d at 1191 and Pa.R.Crim.P. 907(1).

A response to a PCRA dismissal notice has repeatedly been found by the appellate courts not to be an application to amend a past lodged collateral pleading and/or an amended Post Conviction Relief Act filing. *Commonwealth v. Rykard supra* 55 A.3d at 1187 ("A response to a notice of dismissal and petitions have traditionally, and in practice, been viewed as distinct. *See* Pa.R.Crim.P. 907(1) (utilizing both phrases separately); *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167 (1999) ([A] *Batson* claim [advanced] for first time in a response to pre-dismissal notice did not require PCRA court to address the issue and weighed in favor of disallowing an amended petition); *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806, 825 n. 19 (2004); *Paddy, supra* at 440 & 471 (Pa. 2011) ([T]reating response to a notice of dismissal as objections and not a new amended petition or serial petition); *Commonwealth v. Derrickson*, 923 A.2d 466, 469 (Pa.Super. 2007).").

The court in *Rykard* further held "The rule [Pa.R.Crim.P. 907] does not treat a response to its notice of dismissal as ... an amended petition ... ." *Commonwealth v. Rykard supra* 55 A.3d at 1187. Rather, such has been held as chance for a defendant to advance a new issue

solely concerning PCRA counsel ineffectiveness or an objection to the dismissal. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) and *Commonwealth v. Ford*, 44 A.3d 1190, 1198 (Pa.Super. 2012) ("[W]hen counsel files a *Turner/Finley* no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss.") *citing Commonwealth v. Pitts*, 603 Pa. 1, 9, Fn. 4, 981 A.2d 875, 880, Fn. 4. Resulting from Defendant Mann's original PCRA petition, his appointed lawyer on April 28, 2014, lodged the "No Merit Letter" contemporaneously forwarding the Defendant a copy. *See* Application to Withdraw. On December 2, 2014, this court entered a dismissal notice and order granting collateral counsel's application to withdraw. *See* Dismissal Notice and Order dated December 2, 2014. Over the intervening months, Defendant Mann filed no pleadings, including an amendment request and/or some supplemental lodging advancing claims beyond those his petition set forth. It was only following the entry of the dismissal notice that the Defendant submitted his reply (December 14, 2014), the now claimed application to application to amend and/or amended petition. *See* Petitioner's Reply.

Even more revealing of the Defendant's true intent behind this reply is his entitling the document, a "***Petitioner's Reply*** to PCRA Counsel's Application to Withdraw Appearance, No Merit Letter, and ***Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907***." *See* Petitioner's Reply. (Emphasis added). After his reply's introductory paragraphs, Defendant Mann consistent with this pleading's titling posited seven (7) "Questions of Law" for this court's consideration centered on allegations of appointed counsel's supposed incompetence and the notice of intent to dismiss, absent a hearing. *See* Petitioner's Reply, p. 2. Again, in accord with the reply's title, none of these questions of law assertions can be construed as a request by the Defendant that he be granted leave to amend his initial collateral filing. The reply Defendant Mann now for the

17

first time on appeal argues to be an amendment application and/or amended PCRA pleading cannot by its plain terms and post-dismissal notice lodging be reasonably or seen otherwise as a request that this court allow his Post Conviction Relief Act petition's amendment.

Because the Defendant only raises for the first time through his statement of matters complained of on appeal that his previously filed reply to this court's dismissal notice such an argument should be deemed waived. *See* Pa.R.A.P. 302(a). *See also Commonwealth v. Duffy supra* 832 A.2d at 1137; *Commonwealth v. Tejada supra* 107 A.3d at 797; and *Commonwealth v. Parker supra* 104 A.3d at 28. Alternatively, the Defendant's reply should be seen as he explicitly titled such, a "Petitioner's Reply to PCRA Counsel's Application to Withdraw Appearance, No Merit Letter, and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907," and not some belatedly claimed, unaverred, self-authorizing attempt to amend his original, collateral petition. *Commonwealth v. Paddy supra* 609 Pa. at 339-40, 15 A.3d at 471 and *Commonwealth v. Porter supra* 613 Pa. at 523, 35 A.3d at 12. The opportunity afforded defendants under Pa.R.Crim.P. 907(1) to respond to a dismissal notice and an application to amend a past filed collateral pleading are two (2), separate and distinct lodgings. *Commonwealth v. Porter supra* 613 Pa. at 523, 35 A.3d at 12 and *Commonwealth v. Rykard supra* 55 A.3d at 1187. *See also* Pa.R.Crim.P. 905(A).

Defendant Mann's sixty-nine (69) page, single spaced, reply to the notice of dismissal while replete with a wealth of other legal citations, does not reference Pa.R.Crim.P. 905(A)("Amendment ... of Petition for Post Conviction Collateral Relief.") Moreover, this court throughout its tenure as a criminal judge has received numerous *pro se* collateral amendment requests so readily entitled in various manners which even lacking legal citations were clearly averred amendment applications. Some of these *pro se* defendants have challenged this court

18

denying the sought after amendment, but none until Defendant Mann have been so constrained to argue that the court mistakenly did not "interpret" their filings as requests for leave to amend. The court did not err in "failing to interpret" the Defendant's reply to its dismissal notice for anything other than that which he titled it, a "Petitioner's Reply to PCRA Counsel's Application to Withdraw Appearance, No Merit Letter, and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907." *See* Petitioner's Reply. This assignment of error is meritless. *See* Statement of Matters Complained, No. 4.

### *III. Claims of Constitutional Rights Being Infringed.*

Although neither raised by his collateral petition nor his reply to the PCRA lawyer's "No Merit Letter" and the notice of dismissal, the Defendant by appellate complaints twenty-eight (28) through thirty-six (36) alleges various instances of his " ... constitutional rights being infringed ... " by this court. *See* Statements of Matters Complained, Nos. 28-36.[40] Foremost, these error assignments now being raised for the first time on appeal should be deemed waived salient to the pending appellate review. *See* Pa.R.A.P. 302(a) and *Commonwealth v. Spotz supra* 610 Pa. at 71, Fn. 17, 18 A.3d at 275, Fn. 17; *Commonwealth v. Jones supra* 572 Pa. at 359, 815 A.2d at 607-08 *citing Commonwealth v. Bond supra* 572 Pa. at 599-600, 819 A.2d at 39; *Commonwealth v. Basemore supra* 560 Pa. at 272, 744 A.2d at 725; and *Commonwealth v. Albrecht supra* 554 Pa. at 56, 720 A.2d at 706. Assuming *arguendo*, Defendant Mann's failure to previously advance at bar any of these complaints on appeal does not occasion their appellate review waiver, they are meritless.

---

[40] Recognizing that the legality of a sentence is a non-waivable claim and should be addressed by the court, assuming it then enjoys requisite jurisdiction, Defendant Mann's various sentencing challenges are discussed *infra* as the same, *inter alia*, relates to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) and *Commonwealth v. Hopkins supra* 98 MAP 2013. *See* Section V. *See also Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa.Super. 2007) *quoting Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super. 2005)(*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007).

19

Beyond the repeated generality that his " ... constitutional rights were infringed ... ," the Defendant does not detail with meaningful specificity the federal and/or Commonwealth constitutional protection supposedly contravened and/or the nature of these purported constitutional violations. Bald, undeveloped averments fail to satisfy a defendant's burden of establishing entitlement to PCRA relief when such allegations are boilerplate, constitutional claims. *Commonwealth v. Hall*, 582 Pa. 526, 535, 872 A.2d 1177, 1182 (2005) and *Commonwealth v. Washington*, 583 Pa. 566, 573-74, 880 A.2d 536, 540-41 (2005). "A PCRA petitioner must exhibit a concerted effort to develop his ... claim and may not rely on boilerplate allegations ... ." *Commonwealth v. Natividad*, 595 Pa. 188, 209, 938 A.2d 310, 322-23 (2007) *citing Commonwealth v. Spotz*, 587 Pa. 1, 99, 896 A.2d 1191, 1250 (2006). Further, " ... an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ... claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 568 Pa. 264, 273, Fn. 4, 795 A.2d 935, 940, Fn. 4 (2001).

Because these complaints on appeal encompassing error assignment numbers twenty-eight (28) through thirty-six (36) are nothing more than bald, boilerplate claims that his " ... constitutional rights were infringed ... " by this court together with his not offering any articulated arguments in support of the same, these appellate complaints are not viable grounds warranting Post Conviction Relief Act remedy, assuming the Defendant's failure to have advanced these constitutional challenges previous has not occasioned for purposes of the pending appeal their waiver. *See Commonwealth v. Hall supra* 582 Pa. at 535, 872 A.2d at 1182 and *Commonwealth v. Washington supra* 583 Pa. at 573-74, 880 A.2d at 540-41; *Commonwealth v. Natividad supra* 595 Pa. at 209, 938 A.2d at 322-23 *citing Commonwealth v. Spotz supra* 587 Pa.

20

at 99, 896 A.2d at 125; and *Commonwealth v. Bracey supra* 568 Pa. at 273, Fn. 4, 795 A.2d at 940, Fn. 4. *See also* Pa.R.A.P. 302(a); *Commonwealth v. Spotz supra* 610 Pa. at 71, Fn. 17, 18 A.3d at 275, Fn. 17; *Commonwealth v. Jones supra* 572 Pa. at 359, 815 A.2d at 607-08 *citing Commonwealth v. Bond supra* 572 Pa. at 599-600, 819 A.2d at 39; *Commonwealth v. Basemore supra* 560 Pa. at 272, 744 A.2d at 725; and *Commonwealth v. Albrecht supra* 554 Pa. at 56, 720 A.2d at 706.

## *IV. Claims of Direct Appeal Counsel's Ineffectiveness.*

Defendant Mann per his PCRA petition alleged the following claims of purported professional incompetence all targeting direct appeal counsel: Failure to raise spoliation claim; Failure to raise a generalized prosecutorial misconduct claim;[41] Failure to investigate; and Failure to argue an excessive sentencing claim. *See* Defendant's Petition, pp. 6-7. Through his statement of appellate complaints the Defendant advanced material to his direct appeal attorney the following ineffectiveness challenges: Failure to raise the trial court's lack of jurisdiction; Failure to challenge the legal sufficiency of the trial evidence regarding the aggravated assault conviction; Failure to raise a claim of excessive sentencing; Failure to raise various supposed instances of alleged prosecutorial misconduct; Failure to argue erroneous admission of evidence; Failure to raise a spoliation argument; and Failure to argue properly a legal sufficiency challenge to the robbery conviction. *See* Statements of Matters Complained, Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16.

---

[41] The Defendant via his petition simply averred direct appeal counsel " ... failed to raise Petitioner's claims of prosecutorial conduct." *See* Defendant's Petition, p. 6. It is only by surmising that Defendant Mann may be referencing the more specifically alleged instances of supposed prosecutorial improprieties he to some extent better detailed prior in this filing that this collateral claim can be understood. *See* Defendant's Petition, p. 6 – Paragraphs G, H, I, J.

21

A comparative review of the original PCRA petition and the statement of matters complained thus reveals as recounted above that Defendant Mann has properly preserved for appellate review only those collateral attacks on his direct appeal lawyer's stewardship regarding claimed prosecutorial misconduct, supposed spoliation of evidence, and an alleged excessive sentencing claim with the balance of error assignments challenging the professional competency of direct appeal counsel otherwise being waived. *See Commonwealth v. Spotz supra* 610 Pa. at 71, Fn. 17, 18 A.3d at 275, Fn. 17; *Commonwealth v. Jones supra* 572 Pa. at 359, 815 A.2d at 607-08 *citing Commonwealth v. Bond supra* 572 Pa. at 599-600, 819 A.2d at 39; *Commonwealth v. Basemore supra* 560 Pa. at 272, 744 A.2d at 725; and *Commonwealth v. Albrecht supra* 554 Pa. at 56, 720 A.2d at 706. *See also* Statement of Matters Complained, Nos. 7, 8, 12, 16. These remaining error assignments yet ripe for appellate review on the instant record are clearly meritless and simply not grounds warranting Post Conviction Relief Act remedy.

In deciding the direct appeal adverse to Defendant Mann, *inter alia*, the Superior Court " ... examined counsel's [*Anders*] brief and found it compliant with *Santiago*." *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, p. 5. More dispositive to the Defendant's attack on his direct appeal lawyer's stewardship, the Superior Court concluded that "[a]fter independent review of the record, we concur with counsel's assessment that this appeal is wholly frivolous ... ." *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, p. 7.

As part of its direct appeal review, the Superior Court examined and found the trial evidence as a matter of law sufficient to sustain Defendant Mann's robbery conviction. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 5-7. Resulting from the Defendant's *pro se* response to his direct appeal attorney's *Anders* filing, the Superior Court

22

again reviewed in the context of Defendant Mann's arguments the legal sufficiency of his robbery conviction and once more found the evidence as a matter of law adequate. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, p. 9. The Superior Court once again per the Defendant's response to his direct appeal counsel's *Anders* brief reviewed and rejected a spoliation of evidence claim grounded in the Commonwealth returning the victim his van on the conclusion of the police's investigative examination of the motor vehicle. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 9-10. Again, the Superior Court pursuant to the Defendant's response to the *Anders* filing of his direct appeal lawyer reviewed the discretionary aspects of the sentence imposed and concluded the controlling appellate standard in combination with the material case record just did not support its vacating the sentence at bar. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 10-11. The Superior Court also via the Defendant's response to his direct appeal counsel's *Anders* brief examined the claim of prosecutorial misconduct attacking the Assistant District Attorney's summation and concluded the challenged " ... remarks ... were in fair response to the defense's characterization of the evidence and reasonable inferences that could be derived from the evidence presented," and this claim of prosecutorial impropriety was without basis. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 12-13.

To be eligible for Post Conviction Relief Act remedy, a defendant must plead and prove the ineffective assistance of counsel **AND** that any such allegations of error have not been previously litigated. 42 Pa.C.S. § 9543(a)(2)(ii)(3) (Emphasis added). An issue has been previously litigated for purposes of the Act " ... if the highest appellate court in which the petitioner could have had review as a matter of right as ruled on the merits of the issue ... ." 42 Pa.C.S. § 9544(a)(2). As detailed above, the Superior Court past ruled adversely to

23

Defendant Mann regarding those same issues he now attacks his direct appeal lawyer for not pursuing and/or properly litigating, and the Supreme Court of Pennsylvania allowed the intermediate appellate court's decision to stand. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012. *See also* Supreme Court No. 686 MAL 2012.

In light of the foregoing, Defendant Mann's various attacks targeting the professional competence of his direct appeal counsel find on the instant record no support. Being past litigated, the alleged omissions and/or inadequacies of direct appellate counsel are not a basis for collateral relief. 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2). Certainly, the challenged actions and/or inactions of the Defendant's direct appeal lawyer per the instant record can neither be shown to enjoy the requisite merit necessary to Post Conviction Relief Act remedy nor that Defendant Mann suffered the prejudice such a remedy requires. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Commonwealth v. Robinson*, 583 Pa. 358, 369, 877 A.2d 433, 439 (2005). A finding of defense counsel's professional incompetence as well cannot be grounded on a claim he did not pursue a baseless course of action. *Commonwealth v. Sneed*, 616 Pa. 1, 33, 45 A.3d 1096, 1115 (2012) and *Commonwealth v. Hutchinson*, 521 Pa. 482, 488, 556 A.2d 370, 372 (1989). Moreover, this court greatly struggles to envision those circumstances, if any, where a defendant's direct appeal lawyer can be found ineffective, when the Superior Court previously accepted counsel's *Anders* brief and relatedly concluded the "appeal is wholly frivolous." *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 5, 7.

### *V. Sentencing Claims.*

Related to sentencing considerations, Defendant Mann via his PCRA petition advanced the sole challenge that direct appeal counsel was purportedly ineffective for not pursuing an

24

excessive sentencing claim before the Superior Court. *See* Defendant's Petition, p. 7. From this singular sentencing averment of his PCRA pleading, Defendant Mann through his appellate complaint statement has set forth five (5) error assignments attacking for various reasons his sentence, including but not limited to this court lacking jurisdiction, some unspecified illegality, and/or the sentence's purported excessiveness. *See* Statements of Matters Complained, Nos. 7, 9, 27, 29, 30.

Although neither proffered per his original petition nor the statement of appellate complaints, Defendant Mann in his dismissal notice reply did reference the United States Supreme Court decision of *Alleyne v. United States supra*; however, his citation to *Alleyne* was offered seemingly in support of an argument challenging the non-jury trial bifurcation of the Person Not to Possess ... Firearms[42] charge from the balance of prosecuted offenses tried before the jury with the confusing conclusion that the recovered firearms must hence be excluded from Commonwealth's trial usage and/or the trial record, and without the handguns, his various, violent felonious convictions cannot stand.[43] *See* Petitioner's Reply, pp. 18-19. As a seemingly lesser alternative, the Defendant contends by his reply that the court sitting as the ultimate fact finder regarding the Person Not to Possess ... Firearms[44] Information (D) and resultantly finding beyond a reasonable doubt he had been proven guilty of this charge (Information D) runs afoul of the constitutional teachings per *Alleyne* and his thus illegal sentences must be vacated. *See* Petitioner's Reply, p. 19.

---

[42] 18 Pa.C.S. § 6105.

[43] The legal propriety and reasoned basis for defense counsel seeking the non-jury bifurcation of the Person Not to Possess ... Firearms, *Id.*, charge from the balance of prosecuted offenses are further discussed *infra*. *See* Section VII.

[44] *Id.*

25

Because all the Defendant's sentencing error assignments grounded in claims of excessiveness with only one (1) exception have not been properly preserved for purposes of the pending appeal, while recognizing challenges to a sentence's legality are non-waivable and are to be addressed by the court, assuming it then has necessary jurisdiction, Defendant Mann's appellate complaints regarding sentencing are addressed below differentiating first between those that should be deemed waived and a discussion thereafter as to his sentence's lawfulness.

Flowing from the well-settled principle that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal," the only excessive sentencing claim the Defendant has properly preserved for appellate review is his direct appeal lawyer's supposed ineffectiveness for not pursuing such a challenge previous before the Superior Court. Pa.R.A.P. 302(a). *See also* Defendant's Petition, p. 7. Excepting its legality, Defendant Mann belatedly raising other various challenges to his sentence via the dismissal notice reply simply does not preserve those issues for purposes of the pending appellate review as the Defendant never sought and was not permitted by this court leave to so amend his original PCRA petition. *Commonwealth v. Rykard supra* 55 A.3d at 1192. For these reasons, the Defendant's error assignments salient to supposed sentencing excessiveness should be seen as waived beyond the otherwise meritless attack targeting direct appeal counsel not litigating such a claim previous before the Superior Court. *Commonwealth v. Spotz supra* 610 Pa. at 71, Fn. 17, 18 A.3d at 275, Fn. 17; *Commonwealth v. Jones supra* 572 Pa. at 359, 815 A.2d at 607-08 *citing Commonwealth v. Bond supra* 572 Pa. at 599-600, 819 A.2d at 39; *Commonwealth v. Basemore supra* 560 Pa. at 272, 744 A.2d at 725; and *Commonwealth v. Albrecht supra* 554 Pa. at 56, 720 A.2d at 706. *See also* 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2), and Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012.

26

As for the sole error assignment the Defendant has properly preserved for appellate review asserting direct appeal counsel was ineffective by not arguing an excessive sentencing claim, a review of the record at bar reveals such to have been both past litigated and found without merit. *See* Defendant's Petition, p. 7 and Section IV.

The Superior Court in reviewing Defendant Mann's response to his direct appeal lawyer's *Anders* filing expressly examined the relevant case record and opined that below:

> Appellant's sixth allegation relates to the discretionary aspects of the sentenced imposed herein. ... His complaint pertains to the excessiveness of his punishment, ... . ...
>
> We are compelled to find that Appellant's excessiveness position disintegrates under the glare of our appellate role since this Court is not imbued with the power to overturn a sentencing court's evaluation of whether to impose consecutive as opposed to concurrent sentences. *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa.Super. 2010) (citation omitted) ("Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.").

*See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 10-11.

Post Conviction Relief Act remedy eligibility, *inter alia*, requires a defendant must both plead and prove as well as that any such collateral challenge has not been past litigated. 42 Pa.C.S. §§ 9543(a)(2)(ii)(3) and 9544(a)(2). As the Superior Court previous on direct appeal decided this same issue underlying the attack on appellate counsel's stewardship adversely to the Defendant, it is not now a viable basis for collateral relief. *Id.*

Similar to Defendant Mann's other collateral attacks on his direct appeal attorney's professional competence, this assertion that appellate counsel was ineffective for not advancing an excessive sentencing claim also on the instant record can neither be demonstrated to enjoy the necessary merit requisite to collateral relief nor that the Defendant occasioned the prejudice such

27

remedy requires. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439. Moreover, a defendant's lawyer cannot be found professionally incompetent for failing to raise or pursue a baseless challenge. *Commonwealth v. Sneed supra* 616 Pa. at 33, 45 A.3d at 1115 and *Commonwealth v. Hutchinson supra* 521 Pa. at 488, 556 A.2d at 372.

Despite Defendant Mann's PCRA petition advancing the lone sentencing related claim that direct appeal counsel was professionally incompetent for not arguing an excessive sentencing challenge before the Superior Court and his neither having sought nor been granted leave to amend this original collateral pleading, his various contentions of sentencing illegality set forth via his dismissal notice reply and certain of the appellate complaint statement's error assignments " ... may be raised as a matter of right, [are] non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa.Super. 2013) *quoting Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa.Super. 2007)(*en banc*). *See also Commonwealth v. Fowler supra* 930 A.2d at 592 and *Commonwealth v. Vega*, 754 A.2d 714, 719 (Pa.Super. 2000)("Legality of sentence is always subject to review within the PCRA, ... ."). The Defendant at bar timely lodged his collateral petition and the courts have the jurisdiction necessary to adjudicate this collateral filing's merits. 42 Pa.C.S. § 9545(a)(b)(1)(3).

Defendant Mann by his statement of matters complained avers the following assertions of sentencing illegality: Trial court's lack of jurisdiction resulting in multiple, illegal sentences;[45] Trial counsel's alleged ineffectiveness for failing to object to the trial court's lack of jurisdiction resulting in multiple illegal sentences; and The conducting of a non-jury trial, absent jurisdiction,

---

[45] This court clearly enjoying the jurisdiction necessary to lawfully conducting the case's trial and legally imposing the sentence resulting from his convictions is discussed further *infra*. *See* Section VI.

28

resulting in multiple, illegal sentences. *See* Statement of Matters Complained, Nos. 7, 17, 29. Defendant Mann additionally via his dismissal notice reply raised a sentencing claim based on *Alleyne v. United States supra*, although this *Alleyne* driven challenge attacked the non-jury trial bifurcation of the Person Not to Possess ... Firearms[46] charge and did not take issue with this court imposing the Sentences for Offenses Committed with Firearms' mandatory minimum provisions, 42 Pa.C.S. § 9712. *See* Petitioner's Reply, pp. 18-19.

As used by the Pennsylvania courts, an "illegal sentence" is a term of art describing three (3) narrow case categories: Sentences beyond the applicable statutory maximums; Sentences contravening principles of merger-double jeopardy; and/or Sentencing claims implicating the United States Supreme Court's constitutional teachings per *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). *Commonwealth v. Munday supra* 78 A.3d at 664 *citing Commonwealth v. Robinson supra* 931 A.2d at 21. Relevant to current considerations, it is only the statutory maximum legality and the lawfulness of the Defendant's sentence in light of *Apprendi, Alleyne* and most recently *Commonwealth v. Hopkins supra* 98 MAP 2013 that warrant commentary by this court.[47]

At bar, Defendant Mann was convicted of the following first degree felonies: Robbery[48] (Information B); Burglary[49] (Information C); Criminal Conspiracy to commit Robbery[50] (Information F); and Aggravated Assault[51] (Information G - Count I). N.T. 12/18/09, pp.

---

[46] 18 Pa.C.S. § 6105.

[47] This court, the Assistant District Attorney and the Defendant's sentencing counsel all concurred that for purposes of sentencing none of Defendant Mann's convictions merged. N.T. 4/9/10, pp. 4, 33-34. The Defendant offers nothing to the contrary and the case record supports no such other conclusion.

[48] 18 Pa.C.S. § 3701.
[49] 18 Pa.C.S. § 3502.
[50] 18 Pa.C.S. § 903(3701).
[51] 18 Pa.C.S. § 2702.

29

117-19. The respective statutory maximum sentences for these felonies of the first degree are twenty (20) years per each conviction. *See* 18 Pa.C.S. § 1103(1). The Defendant additionally was convicted of Person Not to Possess ... Firearms,[52] a second degree felony. The allowed statutory maximum sentence for a second degree felony is ten (10) years. *See* 18 Pa.C.S. § 1103(2). Trial courts unquestionably enjoy the lawful authority to direct that sentences from non-merging convictions be served either concurrently or consecutively. *Commonwealth v. Gonzalez-Dejusus supra* 994 A.2d at 598. *See also* 42 Pa.C.S. § 9721. Hence, the aggregate statutory maximum sentence resulting from Defendant Mann's convictions is ninety (90) years. This court's maximum sentence of forty-five (45) years is unquestionably lawful. *See* Certificate of Imposition of Judgment of Sentence.

In reviewing Defendant Mann's challenge to the legality of his sentence, this court readily recognizes that the United States Supreme Court found that below per its *Alleyne v. United States supra* decision:

> Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.

*Alleyne v. United States supra* ___ U.S. at ___, 133 S.Ct. at 2155.

This court is as well very much aware that the Superior Court in the matter of *Commonwealth v. Valentine* found the Sentences for Offenses Committed with Firearms' mandatory minimum sentencing provision[53] to run afoul of *Alleyne* and hence, in its entirety unconstitutional. *Commonwealth v. Valentine*, 101 A.3d 801, 811-12 (Pa.Super. 2013). This

---

[52] 18 Pa.C.S. § 6105.
[53] 42 Pa.C.S. § 9712.

court also relatedly recognizes that the Superior Court has additionally held an appreciable number of other Pennsylvania mandatory sentencing provisions likewise unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014)(*en banc*); *Commonwealth v. Munday supra*; *Commonwealth v. Thompson*, 93 A.3d 478 (Pa.Super. 2014); *Commonwealth v. Watley*, 81 A.3d 108 (Pa.Super. 2013)(*en banc*); and *Commonwealth v. Wolf*, 106 A.3d 800 (Pa.Super. 2014). Finally, this court is additionally cognizant that in its most recent decision of *Commonwealth v. Hopkins* the Pennsylvania Supreme Court found the Drug Free School Zones' mandated sentencing provision[54] to be constitutionally invalid per *Alleyne's* teachings. *Commonwealth v. Hopkins supra* 98 MAP 2013.

Given the Supreme Court of Pennsylvania's rationale in combination with the similarities between the Commonwealth's mandatory minimum statutory schemes and language, it is this court's belief that there is now no question that Pennsylvania's fact driven mandatory minimum sentences do not pass constitutional muster. Despite the unconstitutionality of the Sentences for Offenses Committed with Firearms'[55] mandated provision being clear, this court is yet of the view that any such sentencing legality challenge by Defendant Mann is without merit.

Defendant Mann proceeded to trial in December 2009 and was sentenced on April 9, 2010. *See* Jury's and Court's Verdicts dated December 18, 2009, and Certificate of Imposition of Judgment of Sentence. The Superior Court affirmed the Defendant's sentencing judgment via its opinion dated July 9, 2012, and the Supreme Court of Pennsylvania denied his allowance of appeal petition by order of January 18, 2013. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2010 and Supreme Court No. 686 MAL 2012, Order dated January 18, 2013. The United States Supreme Court decided *Alleyne* on June 17, 2013, some approximate six (6)

---

[54] 18 Pa.C.S. § 6317.
[55] 42 Pa.C.S. § 9712.

31

months subsequent to Defendant Mann's sentencing judgment becoming final. *Alleyne v. United States supra. See also* 42 Pa.C.S. § 9545(b)(3). Accordingly, the Defendant must demonstrate to enjoy their constitutional teachings that *Alleyne* and *Hopkins* apply retroactively to timely commenced collateral actions. Any such argument by Defendant Mann should be seen as failing.

New rules of constitutional law and/or protections promulgated by the United States Supreme Court are not retroactively applied to cases on collateral review unless the Supreme Court of the United States or the Pennsylvania Supreme Court hold such to have retroactive attachment. *Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 227, 812 A.2d 497, 502 (Pa. 2002). *See also* 42 Pa.C.S. § 9545(b)(1)(iii). A defendant claiming entitlement to the retroactive application of a newly announced constitutional rule and/or protection must have raised and preserved the issue before the lower courts:

> [W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is ***properly preserved at all stages of adjudication up to and including any direct appeal***.

*Commonwealth v. Newman supra* 99 A.3d at 90 *quoting Commonwealth v. Cabeza*, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983)(Emphasis added – Emphasis in original omitted).

The Supreme Court of the United States did not address in *Alleyne* whether its holding was applicable to cases on timely collateral review. In its subsequent decisions, the United States Supreme Court has not found the constitutional teachings of *Alleyne* to enjoy retroactive attachment. Likewise, the Supreme Court of Pennsylvania has not held that *Alleyne* retroactively applies. The Pennsylvania Supreme Court on announcing its *Commonwealth v. Hopkins* decision notedly began its opinion with "[i]n this direct appeal ... ." *Commonwealth v. Hopkins supra* 98 MAP 2013.

32

The Superior Court has past observed that "[e]ven assuming *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final." *Commonwealth v. Miller*, 101 A.3d 988, 995 (Pa.Super. 2014). Although not the binding law of this Commonwealth, federal circuit court of appeals have found *Alleyne* does not have retroactive attachment. *See United States v. Reyes*, 755 F.3d 210 (3rd Cir. 2014); *United States v. Winkleman, et al.*, 746 F.3d 133 (3rd Cir. 2014); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); and *In re Kemper*, 735 F.3d 211 (5th Cir. 2013).

Defendant Mann not having raised such a challenge previous before this court or the appellate courts during his direct appeal litigation cannot now successfully maintain as part of the instant collateral action that under *Alleyne v. United States supra* and *Commonwealth v. Hopkins supra* his mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712 (Sentences for Offenses Committed with Firearms) is unlawful. *See* Trial Court Opinion dated December 13, 2010 and Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012. *See also Commonwealth v. Newman supra* 99 A.3d at 90 and *Commonwealth v. Miller supra* 102 A.3d at 995.

Beyond doubting that Defendant Mann can successfully demonstrate the retroactive attachment necessary to his now enjoying that set forth by *Alleyne* and *Hopkins*, a review of the case record salient to sentencing as well leads this court to question whether the Defendant can establish the prejudice necessary to collateral remedy as it relates to this aspect of his sentence.

In imposing its sentence, this court had the benefit of fully reviewing beforehand a presentence investigation as well as the various diagnostic reports directed to be done as aids in sentencing. N.T. 4/9/10, p. 24. *See also Commonwealth v. Devers*, 59 Pa. 88, 101-02, 546 A.2d

33

12, 18 (1988)("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself."); *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) *quoting Commonwealth v. Devers supra* 59 Pa. at 101-02, 546 A.2d at 18 and *citing Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005)(" ... [I]t is presumed that the sentencing court 'was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.' " *quoting Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa.Super. 2004)); and Pa.R.Crim.P. 702. The court as well had the opportunity of reviewing prior to sentencing imposition letters offered in support of the Defendant and a written statement from Defendant Mann. N.T. 4/9/10, pp. 14-15. This court comprehensively detailed, of-record, its various reasons and concerns for the sentence it resultantly imposed. N.T. 4/9/10, pp. 24-34. *See also* Certificate of Imposition of Judgment of Sentence. A hearing was held on the Defendant's counseled, sentencing reconsideration motion. N.T. 4/9/10. *See also* Motion for Reconsideration of Sentence. The admittedly significant sentence this court imposed was subject to appellate scrutiny during the Defendant's direct appeal and found to be within the bounds of a trial court's discretionary sentencing authority. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 10-11. The Supreme Court of Pennsylvania declined to review the Superior Court affirming Defendant Mann's sentencing judgment. *See* Supreme Court No. 686 MAL 2012, Order dated January 18, 2013.

Assuming *arguendo* the Defendant is found to enjoy the retroactive attachment of *Alleyne* and *Hopkins*, this court's acknowledgment that the Commonwealth had sufficiently proven the applicability of 42 Pa.C.S. § 9712 (Sentences for Offenses Committed with Firearms) on the

salient instant record does not demonstrate for collateral remedy the requisite prejudice. Regardless of whether the constitutional teachings of *Alleyne* and *Hopkins* are found for the Defendant's benefit to retroactively attach, the fundamental fairness of the sentencing process was not seriously undermined by this court recognizing as a matter of record that the prosecution had established the Sentences for Offense Committed with Firearms' mandatory minimum provisions[56] particularly with, Defendant Mann's sentence already having withstood direct appellate review.

### *VI. Court's Jurisdiction.*

Although not averred via his PCRA petition, Defendant Mann throughout his appellate complaints statement makes repeated claims that this court for less than clear reasons lacked jurisdiction and the sentences it imposed resulting from his convictions at bar are thus illegal. *See* Statement of Matters Complained, Nos. 7, 27, 29. *See also* Defendant's Petition, pp. 4-7. Most curiously, the Defendant yet repeatedly maintains directly to the contrary as his original collateral pleading and dismissal notice reply both begin with the unequivocal statements that "[t]he Court of Common Pleas of Delaware County, Pennsylvania, shall possess original jurisdiction ... ." *See* Defendant's Petition, p. 1 and Petitioner's Reply, p. 1. Any challenge to this court having the jurisdiction necessary to lawfully preside over the case's trial and thereafter impose sentences stemming from his resulting convictions is frivolous.

An objection to lack of subject matter jurisdiction can never be waived and may be raised at any stage in the proceedings by the parties or by a court on its own motion. *Commonwealth v. Jones*, 593 Pa. 295, 301, 929 A.2d 205, 208 (2007) *citing Commonwealth v. Little*, 455 Pa. 163, 167, 314 A.2d 270, 272-73 (1974). Subject matter jurisdiction exists when the court is

---

[56] 42 Pa.C.S. § 9712.

competent to hear the case and a defendant has been provided with a formal and specific notice of the crimes charged. A court's competency hinges on a demonstration that a criminal act occurred within the territorial jurisdiction of the court. *Id.* The Courts of Common Pleas have in all cases arising under the Pennsylvania Crimes Code, 18 Pa.C.S. §§ 101 *et seq.*, statewide jurisdiction. *See Commonwealth v. Bethea*, 574 Pa. 100, 113, 828 A.2d 1066, 1074 (2003). Moreover, "[a] person may be convicted under the law of this Commonwealth for an offense committed by his own conduct or the conduct of another for which he is legally accountable if ... the conduct which is an element of the offense ... occurs within this Commonwealth ... ." 18 Pa.C.S. § 102(a)(1).

The totality of the varied criminality Defendant Mann and his co-conspirators perpetrated was unquestionably all centered about the two hundred (200) block of Wingate Road, Upper Darby Township, Delaware County, Pennsylvania. N.T. 12/16/09 and 12/17/09. *See also* Criminal Complaint and Probable Cause Affidavit. The factual circumstances on which the Defendant's convictions and resultant sentences rest having occurred wholly within the 32nd judicial district, any objection to the jurisdiction of this court is patently meritless. *Commonwealth v Jones supra* 593 Pa. at 301, 929 A.2d at 208 *citing Commonwealth v. Little supra* 455 Pa. at 167, 314 A.2d at 272-73.

### *VII. Bifurcated Non-jury Trial.*

Defendant Mann via his statement of complaints on appeal raises the following issues related to the non-jury trial bifurcation of the Person Not to Possess ... Firearms[57] (Information D) charge from the balance of prosecuted offenses tried before the jury: The trial court's

---

[57] 18 Pa.C.S. § 6105.

supposed lack of jurisdiction; and The bifurcated non-jury trial being a violation of constitutional rights. *See* Statement of Matters Complained, Nos. 7, 27, 29.

Even a cursory review of Defendant Mann's PCRA petition reveals that his original collateral pleading did not advance a single averment in any manner challenging the Person Not to Possess ... Firearms[58] bifurcated non-jury trial. *See* Defendant's Petition, pp. 5-7. The Defendant by way of his reply to the court's dismissal notice did allege certain additional claims centered on the bifurcated non-jury trial, including but not limited to: His purportedly not executing a waiver of jury trial form; Trial counsel's supposed incompetence for not assuring the execution of a jury trial waiver form; The previously discussed *Alleyne* driven sentencing challenge; and This court's purported lack of jurisdiction past addressed. *See* Petitioner's Reply, pp. 17-19, 60, 64.

With the exception of the meritless claim that this court did not enjoy requisite jurisdiction and the failing sentencing legality claim discussed immediately above,[59] these error assignments (Nos. 7, 27, 29) and any other argument Defendant Mann may pursue for purposes of the pending appeal focused around the non-jury bifurcated trial should foremost be deemed waived. To properly preserve an issue for review on appeal, any such claim must be first raised before the trial court. Pa.R.A.P. 302(a). *See also Commonwealth v. Spotz supra* 610 Pa. at 71, Fn. 17, 18 A.3d at 275, Fn. 17 and *Commonwealth v. Jones supra* 572 Pa. at 358-59, 815 A.2d at

---

[58] *Id.*

[59] While as noted prior, lack of a court's subject matter jurisdiction is non-waivable and may be raised at any stage of the proceedings, *Commonwealth v. Jones supra* 593 Pa. at 301, 929 A.2d at 208 *citing Commonwealth v. Little supra* 455 Pa. at 167, 314 A.2d at 272-73, any challenge to this court enjoying the necessary jurisdiction to lawfully conducting this case's trial and legally imposing a sentence stemming from the Defendant's various, felony convictions is just patently frivolous. *See* Section VI.

Although claims of an unlawful sentence are not subject to waiver and are to be reviewed, assuming courts then have necessary jurisdiction, *Commonwealth v. Munday supra* 78 A.3d at 664, any sentencing legality challenge on the instant record is without merit. *See* Section V.

37

607-08 *citing Commonwealth v. Bond supra* 572 Pa. at 599-600, 819 A.2d at 39. Defendant Mann's PCRA petition advanced no non-jury trial bifurcation concerns. *See* Defendant's Petition, pp. 5-7. Although he did belatedly aver allegations related to the non-jury trial bifurcation per his dismissal notice reply, Defendant Mann neither sought nor did this court ever permit him leave to amend his original collateral pleading. *Commonwealth v. Rykard supra* 55 A.3d at 1192. For these reasons, Defendant Mann's various collateral claims grounded in arguments related to the non-jury trial bifurcation should be seen as waived. *See* Section I – Waived Assignments of Error and Section II - The PCRA Court Erred When it Failed to Interpret Defendant's Reply to Finley and 907 as an Amended Petition.

Assuming the non-jurisdictional aspects of the Defendant's challenges to the non-jury trial bifurcation are not deemed waived, they still afford him no meritorious basis for Post Conviction Relief Act remedy. As taken from his dismissal notice reply, the only two (2) assertions of Defendant Mann that warrant further commentary are those about whether he knowingly, intelligently and voluntarily waived his right to a trial by jury and the professional stewardship of trial counsel in suggesting such a strategic course of action. *See* Petitioner's Reply, pp. 17-19. On a review of the relevant case record, neither of these contentions find any support.

Directly belying the Defendant's core argument that this court and/or his trial lawyer were remiss in not reviewing with him and assuring he properly executed such a document, the case record contains an original waiver of jury trial form signed and initialed by Defendant Mann as well as trial counsel, the Assistant District Attorney and this court. *See* Waiver of Jury Trial

38

Form.[60] *See also* Pa.R.Crim.P. 620. This comprehensive waiver form details by fourteen (14) individually numbered paragraphs the Defendant's ability to understand, his contact with trial counsel, the right to trial by jury, a description of the jury trial process, and the meaning of a non-jury trial. *See* Waiver of Jury Trial Form. Salient to current considerations, this waiver form provides, in part, per that below:

> I have not been pressured, forced or threatened in any way by anyone to give up my right to a jury trial and I have not been promised anything in return for giving up my right to a jury trial.
>
> I have had enough time to fully discuss my case, everything contained in this Waiver of Jury Trial form and my decision with my lawyer, and I give up my right to a jury trial and choose to be tried before a judge alone without a jury. ***By placing my initials on all of the lines provided, I am saying that I understand, agree with, and have answered truthfully everything contained in this Waiver of Jury Trial form.***

*See* Waiver of Jury Trial Form – Paragraph Nos. 13, 14. (Emphasis added.)

Beyond his complete and appropriate execution of this waiver form, the court conducted a related of-record colloquy with the Defendant. N.T. 12/16/09, pp. 10-17. As part of this of-record discussion with Defendant Mann, the court clearly explained that the non-jury trial was solely limited to the Person Not to Possess ... Firearms[61] charge while the balance of prosecuted offenses would be decided by the jury. N.T. 12/16/09, pp. 11-12, 14-16. During this colloquy the Defendant affirmed, of-record, to the court that he had the opportunity to fully review with his trial lawyer the waiver document as well as this course of proceeding, and he needed no

---

[60] Appended to the Defendant's dismissal notice reply is a partial copy of this jury trial waiver form. For whatever the reasons, the Defendant attached just a copy of the front sheet of this two (2) sided document. Undercutting his assertions otherwise, even this partial copy of the jury trial waiver lists the above-captioned matter's docket number, the Defendant's name, and his initials where appropriate next to each of the eleven (11) paragraphs shown. *See* Petitioner's Reply, pp. 17-18 and Exhibit "B."

[61] 18 Pa.C.S. § 6105.

39

additional time to further discuss with trial counsel the jury trial waiver form. N.T. 12/16/09, pp. 12-13, 16-17. The Defendant further confirmed, of-record, to this court that he had neither been forced, threatened or pressured nor promised anything in exchange for waiving his right to trial by jury. N.T. 12/16/09, pp. 15-16. The court concluded its colloquy of Defendant Mann as follows:

The Court:

> You understand that by proceeding in this fashion, you are giving up your right to trial by jury and the rights associated with that process as it relates, again, only to this single offense?

Mr. Mann:

> Yes.

The Court:

> In light of everything you discussed privately with Mr. Wray, your review and execution of the non-jury waiver, you're in agreement and wish to proceed as it relates to the firearm offense in what amounts to a non-jury trial before me?

Mr. Mann:

> Yes.

The Court:

> Do you have any questions about anything that I've gone over with you?

Mr. Mann:

> No.

The Court:

> … I find Mr. Mann's election to be knowing, intelligent and voluntary … . Mr. Mann, do you

40

> have any questions about anything before we have the jury panel brought to the Courtroom?

Mr. Mann:

> No.

N.T. 12/16/09, pp. 16-17.

From this review of the relevant case record, Defendant Mann in patent contradiction to that suggested by his dismissal notice reply well understood the purpose of the non-jury trial bifurcation, agreed to the same, and as this court then found knowingly, intelligently, and voluntarily waived his right to trial by jury regarding the Person Not to Possess ... Firearms[62] charge. *See* Waiver of Jury Trial Form. *See also* N.T. 12/16/09, pp. 10-17. Defendant Mann's collateral assertions otherwise are simply of no moment. *Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa.Super. 2003) *citing Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999)("[A] defendant ... has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court ... ."). *See also Commonwealth v. Cappelli*, 340 Pa.Super. 9, 20-21, 489 A.2d 813, 819 (1985) *quoting Commonwealth v. Brown*, 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976).

As for the Defendant's collateral attack per the dismissal notice reply challenging his lawyer's stewardship for seeking this non-jury trial bifurcation, trial counsel's strategic logic is obvious. To sustain its burden of proof material to Persons Not to Possess ... Firearms,[63] *inter alia*, the prosecution must convince the ultimate fact finder beyond a reasonable doubt that at the time of the firearm's possession a defendant was past convicted of a disqualifying felony. 18 Pa.C.S. § 6105(a)(1)(b). *See also* Pa.SSJI (Crim.) 15.6105. By seeking and securing the

---

[62] *Id.*
[63] 18 Pa.C.S. § 6105.

41

prosecution's agreement to sever Information D – Person Not to Possess … Firearms[64] from the balance of the various, violent crimes the Defendant was additionally charged, his trial attorney assured that the jurors would hear no evidence that Defendant Mann was a past convicted felon. N.T. 12/16/09 (Robing Room Conference), pp. 8-9. N.T. 12/16/09, pp. 9-16. N.T. 12/18/09, pp. 101-05. This tactical determination of trial counsel to bifurcate the firearms charge for purposes of the non-jury trial was not only made with the Defendant's understanding and agreement, but was also a strategic decision well within such broad discretion afforded defense counsel. *Commonwealth v. Thomas*, 560 Pa. 249, 255-57, 744 A.2d 713, 716-17 (2000); *Commonwealth v. Speight*, 544 Pa. 451, 461, 677 A.2d 317, 322 (1996); *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975; and *Commonwealth v. Mickens*, 409 Pa.Super. 266, 277, 597 A.2d 1196, 1202 (1991). *See also* N.T. 12/16/09, pp. 10-17. Moreover, Defendant Mann has not and simply cannot demonstrate on the instant record he suffered any associated prejudice resulting from this understandable tactical strategy his trial attorney employed. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439.

Defendant Mann's contentions centered around the non-jury trial bifurcation of the Person Not to Possess … Firearms[65] charge from the balance of offenses tried before the jury are wholly lacking. The Defendant's suggestions that he was unaware of the bifurcation and/or its purposes are directly contradicted by the case record. This court properly found the Defendant knowingly, intelligently and voluntarily waived his right to a jury trial regarding this severed charge (Information D – Person Not to Possess … Firearms).[66] *See* Waiver of Jury Trial Form

---

[64] *Id.*
[65] 18 Pa.C.S. § 6105.
[66] *Id.*

and N.T. 12/16/09, pp. 10-17. *See also* Pa.R.Crim.P. 620. The decision of his trial lawyer to sever this firearms charge from the balance of prosecuted offenses rested on a reasoned basis designed to further the Defendant's interests and it most certainly cannot be demonstrated via the instant record that but for this discretionary tactical decision of defense counsel the outcome of the contemporaneous non-jury and jury trials would have been otherwise. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Commonwealth v. Thomas supra* 560 Pa. at 255-57, 744 A.2d at 716-17; *Commonwealth v. Speight supra* 544 Pa. at 461, 677 A.2d at 322; *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975; and *Commonwealth v. Mickens supra* 409 Pa.Super. at 277, 597 A.2d at 1202. Even assuming any such non-jurisdictional claims are not found for purposes of the pending appeal to have been waived, these appellate complaints are meritless. *See* Statement of Matters Complained, Nos. 7, 27, 29.

## *VIII. Claims of Collateral Counsel's Ineffectiveness.*

Defendant Mann maintains related to collateral counsel this court erred through the following: Granting Attorney Molineux's petition to withdraw despite his professional incompetence in not purportedly complying with the *Turner/Finley* requirements; Adopting the "No Merit Letter" given collateral counsel's alleged failure to investigate his claims; and/or Mr. Molineux supposedly not communicating with him. *See* Statement of Matters Complained, Nos. 1, 2, 5. As these three (3) appellate complaints all pertain to the averred ineffectiveness of Defendant Mann's PCRA attorney and at least to some extent are overlapping, they will be addressed jointly. *See* Statement of Matters Complained, Nos. 1, 2, 5.

Foremost, an ineffectiveness of PCRA counsel error assignment is waived for appellate review unless it is raised in a defendant's response to the court's dismissal notice.

43

*Commonwealth v. Henkel supra* 90 A.3d at 20 and *Commonwealth v. Ford supra* 44 A.3d at 1198 ("[W]hen counsel files a *Turner/Finley* no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss.") *citing Commonwealth v. Pitts supra* 603 Pa. at 9, Fn. 4, 981 A.2d at 880, Fn. 4. Unlike many of his other error assignments,[67] Defendant Mann properly preserved those alleged instances of his collateral lawyer's incompetence for purposes of the pending appeal having advanced such a claim in his reply to this court's dismissal notice. *See* Petitioner's Reply, pp. 2-16. *See also Commonwealth v. Rykard supra* 55 A.3d at 1192 and Pa.R.A.P. 302(a).

An examination of a PCRA attorney's supposed professional incompetence is conducted under the general ineffectiveness of counsel standard. *Id. citing Commonwealth v. Chmiel*, 612 Pa. 333, 361-62, 30 A.3d 1111, 1127-28 (2011) *citing Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975-76.

The law presumes counsel was not incompetent, and a defendant bears the burden to prove otherwise. *Commonwealth v. Uderra*, 550 Pa. 389, 400, 706 A.2d 334, 339 (1998) and *Commonwealth v. Burkholder*, 719 A.2d 346, 349 (Pa.Super. 1998). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate as follows: 1) The claim(s) are of arguable merit; 2) Counsel had no reasonable basis for his or her questioned action(s) and/or omission(s); and 3) Counsel's action(s) and/or inaction(s) prejudiced the defendant in that there was a reasonable possibility that but for the act or omission challenged, the outcome of the proceedings would have been different. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999); *Commonwealth v. Fulton*,

---

[67] *See* Sections I and II.

547 Pa. 282, 291, 830 A.2d 567, 572 (2009) *citing Commonwealth v. Pierce*, 567 Pa. 186, 202, 786 A.2d 203, 213 (2001); *Commonwealth v. Kimball*, 555 Pa. 229, 312, 724 A.2d 326, 333 (1999); and *Commonwealth v. Neal*, 421 Pa.Super. 478, 482, 618 A.2d 438, 440 (1992). A defendant bears the burden of proving all three (3) prongs of the ineffective standard and failure to establish even just one (1) of these requisites warrants dismissal of the claim without further consideration of the other two (2) additional, necessary proofs. *Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439.

The *Strickland* benchmark encompasses all constitutionally cognizable claims of counsel's incompetence. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. Under the *Strickland* standard, an allegation of ineffectiveness cannot be proven without a finding of prejudice that except for the challenged act(s) or omission(s), the proceeding's outcome would have been different. *Commonwealth v. March*, 528 Pa. 412, 414, 598 A.2d 961, 962 (1991) and *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1166, 1174 (1986). Moreover, a defendant's lawyer cannot be deemed incompetent for failing to raise and/or pursue meritless claims. *Commonwealth v. Sneed supra* 616 Pa. at 33, 45 A.3d at 1115 and *Commonwealth v. Hutchinson supra* 521 Pa. at 488, 556 A.2d at 372.

"A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness." *Commonwealth v. Natividad supra* 595 Pa. at 209, 938 A.2d at 322-23 *citing Commonwealth v. Spotz supra* 587 Pa. at 99, 896 A.2d at 1250 (Finding the ineffectiveness claim insufficient when the appellant " ... failed to set forth his claim pursuant to the three-prong *Pierce* test for establishing an ineffective assistance of counsel claim.") *See also Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa.Super. 2012) *quoting*

45

*Commonwealth v. Natividad supra* 595 Pa. at 209, 938 A.2d at 322-23. " … [A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey supra* 568 Pa. at 273, Fn. 4, 795 A.2d at 940, Fn. 4. Furthermore, bald, undeveloped averments fail to satisfy a defendant's burden of establishing entitlement to PCRA relief when such allegations are boilerplate, constitutional claims. *Commonwealth v. Hall supra* 582 Pa. at 535, 872 A.2d at 1182 and *Commonwealth v. Washington supra* 583 Pa. at 573-74, 880 A.2d at 540-41. A defendant asserting ineffective assistance of counsel must relatedly show that this claimed professional incompetence " … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See* 42 Pa.C.S. § 9543(a)(2)(ii).

These three (3) error assignments of the Defendant maintain that his collateral counsel's professional stewardship was ineffective, and it is his burden to demonstrate that his PCRA attorney was so professionally incompetent. *Commonwealth v. Uderra supra* 550 Pa. at 400, 706 A.2d at 339 and *Commonwealth v. Burkholder supra* 719 A.2d at 349. Defendant Mann was unable to respectively satisfy all three (3) requisite prongs of the *Pierce-Strickland* benchmark regarding his attacks on collateral counsel's stewardship and these error assignments thus are lacking. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064 and *Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439.

In first attacking his appointed counsel, Defendant Mann contends generally Attorney Molineux did not comply with the dictates of *Commonwealth v. Finley supra, Commonwealth v.*

*Turner supra*, and *Commonwealth v. Friend supra*. A review of the salient case record, including collateral counsel's "No Merit Letter," reveals otherwise. *See* "No Merit Letter."

Mr. Molineux by his "No Merit Letter" fully described the scope of his collateral examination. *See* "No Merit Letter," pp. 1-2. From Attorney Molineux's review of the Defendant's petition and subsequent communications with him, appointed counsel listed with particularity via the "No Merit Letter" those PCRA issues Defendant Mann wanted evaluated. *See* "No Merit Letter," pp. 2, 9-15. Mr. Molineux then individually explained with references to notes of testimony, case record references, and legal citations why these collateral claims were meritless. *See* "No Merit Letter," pp. 2-15. Per that which his "No Merit Letter" details, the comprehensive, advocate's review collateral counsel undertook and completed on the Defendant's behalf offers no support for the complaint on appeal that the Defendant's appointed counsel was ineffective. To the contrary, Attorney Molineux in the lodging of his "No Merit Letter" followed the applicable requisites of *Commonwealth v. Finley supra*, *Commonwealth v. Turner supra* and *Commonwealth v. Friend supra*.

Defendant Mann asserts through his extensive reply that his PCRA lawyer failed to address numerous allegations of his prior attorneys' purported professional incompetence. *See* Petitioner's Reply. A review of the Defendant's reply, his PCRA petition, and collateral counsel's "No Merit Letter" reveals otherwise. *See* Statement of Matters Complained, No. 1. *See also* "No Merit Letter."

Through his PCRA petition, the Defendant averred fourteen (14) collateral claims followed by an additional fourteen (14) paragraphs further supporting those initial allegations. *See* Defendant's Petition, pp. 5-7, 10-19. In his reply to this court's dismissal notice, Defendant Mann then characterized that these accompanying sections contained other claims he believed

47

his collateral counsel should have additionally focused on while conducting his PCRA evaluation. *See* Petitioner's Reply, p. 3.

Despite that asserted by the Defendant per his reply, a close inspection of his collateral petition evidences these subsequent paragraphs were not entirely separate sections, but rather were more detailed, supplementations paragraphs of his original fourteen (14) challenges. *See* Defendant's Petition, pp. 10-19. Further evidencing such is each supporting paragraph containing a reference to its corresponding original claim previously listed in the Defendant's petition (*E.g.* " ... as set forth in 13(A) above, ... ."). The collateral pleadings' subsequent paragraphs are merely more detailed expansions of its initial averments. *See* Defendant's Petition, pp. 10-19.

A review of Attorney Molineux's "No Merit Letter" shows that he did address those claims Defendant Mann's PCRA petition advanced. *See* "No Merit Letter." *See also* Defendant's Petition, pp. 4-7. Counsel's "No Merit Letter" discusses through eight (8) numbered sections the Defendant's various grievances with several segments evaluating a range of issues. *See* "No Merit Letter," pp. 9-15. Due to the nature of some of the Defendant's contentions, Attorney Molineux was able to limit his explanatory commentary to general conclusions versus others that required more detailed analysis. *See* "No Merit Letter," pp. 9-15. For these reasons, it is clear that Defendant Mann's appellate complaint maintaining that Attorney Molineux failed to satisfy the *Finley/Turner* requirements by not addressing all the issues he sought to have examined is without support. *See* Statement of Matters Complained, No. 1.

Subsequent to Attorney Molineux lodging his "No Merit Letter," this court undertook an independent case review, including the Defendant's PCRA pleading, the trial record, the record

48

of the direct appeal, and appointed counsel's *Finley* correspondence. The only fault this court found material to the "No Merit Letter" was its failure to recognize that certain of the collateral claims being past litigated were not thus viable grounds for Post Conviction Relief Act remedy[68] as well as the Superior Court's finding that the direct appeal lawyer's *Anders* brief was proper and granting his withdrawal application undercut those PCRA claims targeting appellate counsel's purported incompetence. *See* Dismissal Notice dated December 2, 2014, Fn. 1 and "No Merit Letter." *See also* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2010. These conclusions of the court about that which appointed counsel did not by his "No Merit Letter" address most certainly do not further Defendant Mann's challenge to his collateral lawyer's stewardship.

Similar to his first attack targeting PCRA counsel's competence, the Defendant's claim that his appointed attorney failed to engage in any investigation of the collateral petition's averments is likewise just without adequate of record support. *See* Statement of Matters Complained, No. 2. *See also* "No Merit Letter."

Mr. Molineux's examination of the salient record was comprehensive as detailed below per his "No Merit Letter:"

> I have reviewed the following in connection with the above-referenced matter in preparing this letter:
>
> 1.) The pro se [*sic*] Petition for PCRA Relief filed by Defendant on October 1, 2013;
> 2.) The Office of Judicial Support docket entries;
> 3.) The Superior Court of Pennsylvania docket entries;
> 4.) Supreme Court docket entries;
> 5.) Trial Court and Superior Court opinions;
> 6.) Transcripts of trial held on December 16, 17, and 18, 2009;

---

[68] 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2).

49

7.) Transcript of sentencing hearing held on April 9, 2010;

8.) Correspondence with the Defendant requesting information concerning the case and other information in support of his pro se [*sic*] PCRA Petition; and

9.) The law applicable to the issues raised by the Defendant under the PCRA.

*See* "No Merit Letter," p. 1.

Armed with this wealth of material and documentation, applicable legal research was conducted. *See* "No Merit Letter," pp. 1-2. Eight (8) descriptively detailed sections, along with related issues as applicable, were specifically identified and addressed per those challenges Defendant Mann wanted pursued. *See* "No Merit Letter," pp. 9-15. Resulting from this all-inclusive review, Attorney Molineux lodged his sixteen (16) page, single spaced, "No Merit Letter" replete with legal authorities, testimonial notes, and case record references. *See* "No Merit Letter."

In support of his sweeping assertion that PCRA counsel "failed to investigate any of Defendant's claims," Defendant Mann offers just generalities, unsubstantiated supposition drawn from inferences taken in a light most favorable to himself, bald claims of issues being viable, and expressions of displeasure with his collateral lawyer finally concluding this Post Conviction Relief Act action lacked merit. *See* Petitioner's Reply, pp. 3-6.

The comprehensive, advocate's examination Mr. Molineux undertook and completed on the Defendant's behalf belies this error assignment's generalized and otherwise unsupported complaint that appointed counsel failed to investigate any collateral claims raised in his PCRA petition. *See* "No Merit Letter."

Defendant Mann's final assertion as to his collateral counsel's purported inadequate representation maintains Attorney Molineux failed to meet and/or correspond with him. *See*

50

Statement of Matters Complained, No. 3. The Defendant however was unable to offer any form of meaningful support for such a contention and relatedly demonstrate that it enjoys merit.

Attorney Molineux's "No Merit Letter" specifies his collateral review included, *inter alia*, "[c]orrespondence with the Defendant requesting information concerning the case and other information in support of his pro se [*sic*] PCRA Petition[.]" *See* "No Merit Letter," p. 1. Conversely, Defendant Mann avers that Attorney Molineux did not have any communication with him. *See* Statement of Matters Complained, No. 5. In support of his claim that collateral counsel did not even once contact him, Defendant Mann appended an "affidavit" to his dismissal notice reply. *See* Petitioner's Reply, Affidavit. This "affidavit" was seemingly drafted by a fellow inmate of the Defendant and alleges Mr. Molineux was also past appointed as his collateral attorney and supposedly was ignored similarly by Mr. Molineux. *See* Petitioner's Reply, Affidavit – Exhibit "A."

Despite providing this "affidavit," Defendant Mann by way of this appellate complaint has failed to demonstrate that his counsel outright failed to communicate with him. Not only is the attached "affidavit" wholly unsupported, but even if this court accepted this "affidavit" as authentic, its suggested argument that once an attorney has been so ineffective he is forever subsequent incompetent would be akin to a Commonwealth assertion that because a defendant was past convicted, he must now again be guilty. Such an argument is just not persuasively credible. The Defendant's third appellate complaint averring his collateral counsel's professional ineffectiveness is without merit. *See* Statement of Matters Complained, No. 5.

Contrary to the Defendant's assertions, Attorney Molineux acted competently through his lodging of the "No Merit Letter." *See* "No Merit Letter." As Defendant Mann's appointed PCRA counsel, Attorney Molineux was free to reach the conclusions he believed in his best

51

professional judgment warranted regarding the Defendant's PCRA petition and any other possible collateral claims. *See Commonwealth v. Finley*, 379 Pa.Super. 390, 397, 550 A.2d 213, 217 (Pa.Super. 1988); *Commonwealth v. Chmiel supra* 612 Pa. at 468, 30 A.3d at 1190-91; and *Commonwealth v. Meadows*, 567 Pa. 344, 365, 787 A.2d 312, 324 (2001). Defendant Mann's understandable disappointment that his PCRA lawyer found on his behalf no viable Post Conviction Relief Act grounds to pursue is not a cognizable basis warranting a finding that Attorney Molineux provided ineffective, collateral stewardship or that this court should not have dismissed the Defendant's PCRA Petition.

Moreover, a defendant's lawyer cannot be found professionally incompetent for failing to raise and/or pursue baseless claims. *Commonwealth v. Sneed supra* 616 Pa. at 33, 45 A.3d at 1115 and *Commonwealth v. Hutchinson supra* 521 Pa. at 488, 556 A.2d at 372. This standard is as well applicable concerning assertions of a PCRA counsel's supposed ineffectiveness and their review of claims against a prior lawyer's claimed ineffectiveness. "Post-trial counsel will not be deemed ineffective for failing to raise and preserve meritless challenges to the effectiveness of trial counsel." *Commonwealth v. Rivera*, 816 A.2d 282, 292 (Pa.Super. 2003) *quoting Commonwealth v. Thuy*, 424 Pa.Super. 482, 498, 623 A.2d 327, 335 (1993).

As Defendant Mann failed to satisfy his burden of demonstrating his counsel's professional incompetence by averring only blanket complaints and respectively failing to establish all three (3) requisite prongs of the *Pierce-Strickland* standard, his challenges targeting PCRA counsel do not entitle him to collateral relief. *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439; *Commonwealth v. Uderra supra* 550 Pa. at 400, 706 A.2d at 339; and *Commonwealth v. Burkholder supra* 719

A.2d at 349. The Defendant's error assignments attacking his collateral lawyer's professional competence are without merit. *See* Statement of Matters Complained, Nos. 1, 2, 5.

### *IX. Trial Counsel's Ineffectiveness Concerning Prosecutorial Misconduct.*

By this appellate complaint, Defendant Mann maintains that his trial lawyer was ineffective on his not objecting to various statements made by the prosecution during its summation. *See* Statement of Matters Complained, No. 20. More specifically, the Defendant via his petition points to nine (9) separate comments the Assistant District Attorney offered during her closing argument and maintains that in each and every instance his trial attorney's failure to object constitutes actionable professional incompetence.[69] *See* Defendant's Petition, pp. 6, 13-15. These similar attacks on his trial lawyer's stewardship do not further Defendant Mann's collateral cause.

As it relates to those of the nine (9) claimed prosecutorial closing arguments regarding the Defendant and/or his criminal confederates being armed with various firearms, the same on the instant record are not a basis on which Post Conviction Relief Act remedy can rest.

In response to direct appeal counsel's lodging of an *Anders* brief, the Defendant filed a response with the Superior Court, *inter alia*, maintaining that during her summation the Assistant District Attorney made improper argument. *See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 7, 11-12. In rejecting such an allegation of prosecutorial misconduct, the Superior Court opined per that below:

> Hence, we cannot accept his claim that the district attorney
> accused Appellant of using five guns. Appellant then continues in

---

[69] Although this error assignment is so broadly stated that it could be seen to include almost any of the Assistant District Attorney's comments argued during her closing, a review of the Defendant's PCRA petition in combination with the generally stated appellate complaint allow for this court to discern that which it most probably advances on appeal. *See* Statement of Matters Complained No. 20 and Defendant's Petition, pp. 6, 13-15.

53

this portion of his brief by suggesting that the district attorney engaged in improper closing remarks. ...

> Defense counsel maintained that Mr. Glover described the gun that Appellant possessed as a 'big, black gun' ... while the ballistics tests indicated that the bullet discovered in that victim's van was fired from a silver firearm later found abandoned in Mr. Glover's home. In attempting to reconcile this apparent discrepancy in the proof, the prosecutor first stated that she did not recall Mr. Glover describing the firearm as large and black. She continued that if the witness did describe Appellant's weapon in that manner, then based upon Mr. Glover's description of his interaction with Appellant, it would have been possible that Appellant possessed two weapons. She noted that Mr. Glover pushed Appellant's hand, which could have caused the black gun to fall, and that Appellant could then have retrieved a second, silver gun, which he used to shoot at the fleeing van and then left in the house while fleeing police. Hence, the remarks herein were in fair response to the defense's characterization of the evidence and reasonable inferences that could be derived from the evidence presented.

*See* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 11-12.

Eligibility for collateral relief requires that a defendant must plead and prove the ineffective assistance of counsel as well as that the issue underlining any such allegation of the defense lawyer's supposed professional incompetence has not been past litigated. 42 Pa.C.S. §§ 9543(a)(2)(ii)(3) and 9544(a)(2). Accordingly, those comments the Assistant District Attorney offered during the Commonwealth's closing referencing the Defendant and/or his co-conspirators being armed with numerous firearms and/or brandishing those handguns while perpetrating their varied criminality cannot now be grounds for his requested collateral relief as this allegation of prosecutorial misconduct was past decided adversely to him by the Superior Court. *Id. See also* Superior Court No. 1581 EDA 2010, Opinion dated July 9, 2012, pp. 11-12.

Like that past determined by the Superior Court, the balance of Defendant Mann's claimed instances of improper argument during the prosecution's closing are as well meritless.

54

The Pennsylvania Superior Court has held that comments made during a closing argument " ... must be considered in the context of the entire summation." *Commonwealth v. Johnson*, 719 A.2d 778, 790 (Pa.Super. 1998), *appeal denied*, 559 Pa. 689, 739 A.2d 1056 (1999) (Emphasis added). *See also Commonwealth v. Ligons*, 565 Pa. 417, 430, 773 A.2d 1231, 1238 (2001) and *Commonwealth v. Brown*, 911 A.2d 576, 579 (Pa.Super. 2006) *citing Commonwealth v. Sampson*, 900 A.2d 887, 890 (Pa.Super. 2006) *quoting Commonwealth v. Correa*, 444 Pa.Super. 621, 624, 664 A.2d 607, 609 (1995). The Superior Court in *Commonwealth v. Raffensberger*, 291 Pa.Super. 193, 207, 435 A.2d 864, 870-71 (1981) found that the scope of this contextual review extends even further to include the contents of the entire case. " ... *[A]llegedly prejudicial remarks must be read in the context of the case as a whole*, with a particular view to the evidence presented and reasonable inferences drawn therefrom, in order to determine whether they are indeed prejudicial." *Id.* (Emphasis added). *See Commonwealth v. Boone*, 286 Pa.Super. 384, 398-400, 428 A.2d 1382, 1389-90 (1981) and *generally Commonwealth v. Bullock*, 284 Pa.Super. 601, 426 A.2d 657 (1981).

During the course of closing summations, "[t]he prosecutor is free to argue that the evidence leads to the conclusion of guilt, and is permitted to suggest all favorable and reasonable inferences that arise from the evidence." *Commonwealth v. Chamberlain*, 612 Pa. 107, 153, 30 A.3d 381, 408 (2011) *citing Commonwealth v. Sam*, 535 Pa. 350, 362, 635 A.2d 603, 608 (1993). A new trial will not be considered necessary "[w]here the prosecutor's arguments are supported by the evidence and contain inferences which are reasonably derived therefrom." *Id. citing Commonwealth v. Bronshtein*, 547 Pa. 460, 485, 691 A.2d 907, 919 (1997). *See also Commonwealth v. LaCava*, 542 Pa. 160, 181, 666 A.2d 221, 231 (1995) and *Commonwealth v. Hardcastle*, 519 Pa. 236, 254, 546 A.2d 1101, 1109 (1988).

55

Furthermore, "[t]he prosecutor may ... argue to the jury that the evidence establishes the guilt of the defendant and that certain facts in evidence are conclusive of such guilt." *Commonwealth v. Kaufman*, 307 Pa.Super. 63, 71, 452 A.2d 1039, 1043 (1982) *citing Commonwealth v. Oglesby*, 274 Pa.Super. 586, 595, 418 A.2d 561, 565 (1980). During the course of his closing summation, a prosecutor may as well " ... *attempt to meet the arguments made by defense counsel in his summation*." *Commonwealth v. Kelly*, 319 Pa.Super. 204, 211, 465 A.2d 1301, 1305 (1983) (Emphasis added) *citing Commonwealth v. Van Cliff*, 483 Pa. 576, 584, 397 A.2d 1173, 1177 (1979). *See also Commonwealth v. Robinson supra* 583 Pa. at 383, 877 A.2d at 448 *citing Commonwealth v. Trivigno*, 561 Pa. 232, 244, 750 A.2d 243, 249 (2000). *See also Commonwealth v. Hardcastle supra* 519 Pa. at 254, 546 A.2d at 1109 *quoting Commonwealth v. Barren*, 501 Pa. 493, 498, 462 A.2d 233, 235 (1983).

In a closing argument, " ... it is improper for a prosecutor to offer any personal opinion as to the guilt of the defendant or the credibility of the witnesses ... ;" however, an Assistant District Attorney may " ... summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt." *Commonwealth v. Thomas*, 618 Pa. 70, 54 A.3d 332, 338 (2012) *citing Commonwealth v. Hutchinson*, 611 Pa. 280, 25 A.3d 277, 307 (2011) and *Commonwealth v. Chamberlain supra* 612 Pa. at 152, 30 A.3d at 408. The accepted goal of the prosecutor's closing summation is to " ... present the facts in a manner that will lead the jury to a dispassionate and objective evaluation of those facts and will produce a judgment warranted by the evidence." *Commonwealth v. Turner*, 390 Pa.Super. 216, 222, 568 A.2d 622, 625 (1989) *citing Commonwealth v. Davis*, 363 Pa.Super. 562, 583, 526 A.2d 1205, 1216 (1987), *allocatur denied*, 518 Pa. 624, 541 A.2d 1135 (1988).

A Commonwealth's attorney will not be found to have advocated impermissibly and hence committed "reversible error" during her closing " ... unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Nicholson*, 308 Pa.Super. 370, 384, 454 A.2d 581, 588 (1982) *quoting Commonwealth v. McNeal*, 456 Pa. 394, 400, 319 A.2d 669, 673 (1974). *See also Commonwealth v. Boone*, 287 Pa.Super. 1, 6, 428 A.2d 1382, 1389 (1981); *Commonwealth v. Ligons supra* 565 Pa. at 430, 773 A.2d at 1238 *citing Commonwealth v. Morales*, 549 Pa. 400, 423, 701 A.2d 516, 527-28 (1997); and *Commonwealth v. Turner supra* 390 Pa.Super. at 223, 568 A.2d at 625 (Referred to in *Turner* as the "unavoidable prejudice test"). "Whether a reversal of judgment is required depends on whether the remarks made by the prosecutor are of such a nature that they would seriously threaten the jury's objectivity and deprive the accused of a fair trial." *Commonwealth v. Gruff*, 822 A.2d 773, 782 (Pa.Super. 2003) *quoting Commonwealth v. Carter*, 537 Pa. 233, 264, 643 A.2d 61, 76 (1994). The court in *Commonwealth v. Guilford* relatedly held that "[a] new trial is not mandated every time a prosecutor makes an intemperate or improper remark." *Commonwealth v. Guilford*, 861 A.2d 365, 371 (Pa.Super. 2004). *See also Commonwealth v. Ervin*, 766 A.2d 859, 864 (Pa.Super. 2000).

The decision as to the prejudicial quality of the statements by the prosecution offered in summation is for the trial judge. *Commonwealth v. Williams*, 289 Pa.Super. 388, 393, 433 A.2d 505, 508 (1981) *citing Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975). Moreover, " ... the remedy to be applied in each case is within the discretion of the trial judge." *Id. See also Commonwealth v. Silvis*, 445 Pa. 235, 237, 284 A.2d 740, 741 (1971).

When viewed by the applicable standards set forth immediately above, the Defendant's remaining alleged instances of the Assistant District Attorney making improper and prejudicial argument during the Commonwealth's summation are readily seen to be meritless. As for those factual comments the Defendant contends were argued by the prosecution contrary to the trial testimony, this court in its pre-charge and immediately before counsel's summations, as well as in its final charge repeatedly reminded the jury that it was their recollection of the evidence alone which was to guide them throughout deliberations and not any factual comment of an attorney or even the court otherwise. N.T. 12/16/09, pp. 111-12, 114, 121-22. N.T. 12/17/09, pp. 157-58. N.T. 12/18/09, pp. 53-54, 56, 88, 91-92. *See also* Defendant's Petition, p. 17. "Absent evidence to the contrary, the jury is presumed to have followed the trial court's instructions." *Commonwealth v. O'Hannon*, 557 Pa. 256, 262, 732 A.2d 1193, 1196 (1999) *citing Commonwealth v. LaCava* supra 542 Pa. at 182, 666 A.2d at 231; *Commonwealth v. Brown*, 567 Pa. 272, 289, 786 A.2d 961, 971 (2001) *citing Commonwealth v. Travers*, 564 Pa. 362, 768 A.2d 845 (2001) *citing Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352 (1995): and *Commonwealth v. Spotz supra* 587 Pa. at 57, 896 A.2d at 1224 *quoting Commonwealth v. Brown supra* 567 Pa. at 289, 786 A.2d at 871 and *Commonwealth v. O'Hannon supra* 557 Pa. at 262, 732 A.2d at 1196.

The prosecutor during her closing argument was allowed to " ... argue that the evidence leads to the conclusion of guilt, and is permitted to suggest all favorable and reasonable inferences that arise from the evidence." *Commonwealth v. Chamberlain supra* 612 Pa. at 153, 30 A.3d at 408 *citing Commonwealth v. Sam supra* 535 Pa. at 362, 635 A.2d at 608. On reviewing this appellate complaint in the context of the trial as a whole, the Assistant District Attorney was within the bounds assigned of her prosecutorial duties to "argue the evidence,"

58

offer reasoned inferences based upon the evidence that had been presented at trial, and attempt to meet the arguments made by defense counsel in his closing. *See Commonwealth v. Kelly supra* 319 Pa.Super. at 211, 465 A.2d at 1305 *citing Commonwealth v. Van Cliff supra* 483 Pa. at 584, 397 A.2d at 1177.

Further, the prosecution's challenged statements read in the context of the entire case, including both defense counsel's and the prosecutor's witness examinations and closing summations, clearly reveals these comments were not impermissible. The Commonwealth's attorney argued the evidence that was offered at trial and did not "prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Nicholson supra* 308 Pa.Super. at 384, 454 A.2d at 588 *quoting Commonwealth v. McNeal supra* 456 Pa. at 400, 319 A.2d at 673. Hence, Attorney Wray may not be deemed professionally ineffective for failing to object to these comments and arguments of the prosecution as a lawyer need not pursue a meritless course of action. *Commonwealth v. Sneed supra* 616 Pa. at 33, 45 A.3d at 1115 and *Commonwealth v. Hutchinson supra* 521 Pa. at 488, 556 A.2d at 372.

### *X. Trial Counsel's Failure to Interview and Subpoena for Trial Testimony co-Defendant Edwin Clark.*

Defendant Mann via this appellate complaint maintains that his trial attorney was ineffective for not interviewing, subpoenaing, and seemingly calling as a defense trial witness co-defendant, Edwin Clark. *See* Statement of Matters Complained, No. 17. *See also* Defendant's Petition, p. 4. While baldly asserting co-defendant Clark would have been available at trial to testify for the defense and his testimony would have been exculpatory, a review of the

instant record as well as that in the matter of *Commonwealth v. Clark*, No. 5071-09 - Delaware County, readily reveals to the contrary.

Co-defendant Edwin Clark entered on December 15, 2009, before this court an open guilty plea to the following Criminal Informations: Information A - Robbery;[70] Information B - Criminal Conspiracy to commit Robbery;[71] Information C - Burglary;[72] and Information G - Person Not to Possess ... Firearms.[73] *See Commonwealth v. Clark*, No. 5071-09 - Delaware County, Criminal Informations. During his guilty plea hearing, *inter alia*, co-defendant Clark was placed under oath and colloquied by this court. The court's colloquy included describing for this co-defendant the necessary elements of the crime of Criminal Conspiracy to commit Robbery.[74] When defining for co-defendant Clark this charge of Criminal Conspiracy to commit Robbery,[75] the court specifically identified Defendant Mann as one of those other persons with whom co-defendant Clark agreed that one or more of the criminal confederates would engage in conduct constituting the crime of robbery. 18 Pa.C.S. § 903(a)(1). Immediately after so detailing for him this crime of conspiring with Defendant Mann to commit robbery, the court inquired directly of co-defendant Clark whether this was the offense of Criminal Conspiracy to commit Robbery[76] to which he was pleading guilty and he unequivocally responded, "Yes." To further memorialize this plea of guilty, the court requested and co-defendant Clark additionally signed Information B – Criminal Conspiracy to Commit Robbery[77] further acknowledging, of record, he had conspired with Defendant Mann to commit the at issue robbery. On the request of

---

[70] 18 Pa.C.S. § 3701.
[71] 18 Pa.C.S. § 903(3701).
[72] 18 Pa.C.S. § 3502.
[73] 18 Pa.C.S. § 6105.
[74] 18 Pa.C.S. § 903(3701).
[75] *Id.*
[76] 18 Pa.C.S. § 903(3701).
[77] *Id.*

the co-defendant's lawyer, *inter alia*, a sentencing date of February 2, 2010, was set and a presentence investigation directed. The court on February 2, 2010, as then scheduled imposed sentence. *See Commonwealth v. Clark*, No. 5071-09 - Delaware County, Information B and Defendant's Guilty Plea Statement.

Co-defendant Clark at the time of Defendant Mann's trial having pled guilty, but not been sentenced, most certainly yet enjoyed his privilege against self-incrimination. The Superior Court per that below has recognized that a defendant in the same case procedural posture as co-defendant Clark when Defendant Mann proceeded to trial still has the protections of the United States Constitution's 5th Amendment and Article I, § 9 of the Pennsylvania Constitution:

> After conviction, direct appeal and collateral remedies available to an individual may result in a new trial. It is apparent, then, that a conviction does not eliminate the possibility that an individual will later be prosecuted for the crime about which he is asked to testify. Accordingly, the weight of authority permits a witness whose conviction has not been finalized on direct appeal to invoke the privilege against self-incrimination and refuse to testify about the subject matter which formed the basis of his conviction.

*Commonwealth v. Melvin*, 79 A.3d 1195, 1201 (Pa.Super. 2013) *quoting Commonwealth v. Rodgers*, 472 Pa. 435, 455, 372 A.2d 771, 780 (1997)(plurality).

For purposes of his guilty plea and resultant sentence, co-defendant Clark was represented by Arthur J. Modesti, Esquire a very experienced trial division member of the Delaware County Public Defender's Office. Undoubtedly, had Attorney Wray approached Mr. Modesti and inquired about co-defendant Clark being made available to testify, the response would not have been favorable. Certainly, Mr. Modesti would have been mandated to counsel co-defendant Clark that his privilege against self-incrimination remained viable and should be invoked in the event Attorney Wray via subpoena attempted to compel his testimonial appearance. Moreover, Mr. Modesti would have advised co-defendant Clark that the testimony

61

the Defendant alleges he would have offered was materially at odds with his sworn guilty plea colloquy that he and Defendant Mann conspired to commit the robbery potentially subjecting him to a perjury prosecution. *See* 18 Pa.C.S. § 4902. *See also* Defendant's Petition, pp. 5, 12.

A collateral attack related to a known witness being overlooked by defense counsel at trial was discussed by the Pennsylvania Supreme Court below:

> When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements of the *Strickland* test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony for the witness was prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Johnson*, 600 Pa. 329, 351, 966 A.2d 523, 536 (2009) *quoting Commonwealth v. Washington*, 592 Pa. 698, 721, 927 A.2d 586, 599 (2007).

Although co-defendant Clark unquestionably existed and Attorney Wray knew or should have known of his existence, the balance of that found by the Supreme Court above necessary to establish an ineffective counsel claim grounded on the failure to call a trial witness is at bar clearly not established salient to co-defendant Clark.

Because co-defendant Clark at the time of Defendant Mann's trial still enjoyed his privilege against self-incrimination together with the expected and understandable advice of Mr. Modesti that he invoke the same, Edwin Clark on the instant record was not so available for the defense to testify. Other than the Defendant's brash assertions, the instant record is devoid of his affidavit or any other evidence even suggesting the co-defendant was willing to testify. Moreover, had he set aside his privilege against self-incrimination contrary to Mr. Modesti's understandably expected counsel, ignored Mr. Modesti's warnings about a subsequent perjury prosecution and testified on Defendant Mann's behalf, co-defendant Clark to further the defense

62

would have had to withstand a withering cross examination, including but not limited to the prosecution playing for the jury an audio recording of his guilty plea in which he unequivocally while under oath unquestionably acknowledged that he and Defendant Mann conspired to commit the at issue robbery. The absence of such testimony did not prejudice the Defendant so as to deny him a fair trial. *Id.*

In light of the foregoing, Defendant Mann has simply failed to sufficiently demonstrate that Attorney Wray's election not to pursue as a trial witness and/or call co-defendant Edwin Clark is an instance of ineffectiveness. At bar, there is simply no evidence co-defendant Clark would have testified per that which the Defendant baldly avers. *See* Defendant's Petition, p. 12. Starkly to the contrary, the co-defendant's of record guilty plea acknowledgment to this court while under oath that he and Defendant Mann conspired to commit the at issue robbery patently suggest his trial testimony would have been anything other than helpful to the Defendant. *See Commonwealth v. Clark*, No. 5071-09 - Delaware County, Information - B - Criminal Conspiracy to commit Robbery[78] and Co-Defendant's Guilty Plea Statement. Attorney Wray's not pursuing and using co-defendant Clark at trial as a defense witness can be more readily seen as a reasoned exercise of a trial lawyer's broad discretionary decision making. *See Commonwealth v. Thomas supra* 560 Pa. at 255-57, 744 A.2d at 716-17. *See also Commonwealth v. Mickens supra* 409 Pa.Super. at 277, 597 A.2d at 1202. Most certainly, the totality of material circumstances surrounding the co-defendant's plea of guilty and resultant sworn acknowledgment prior to this case's trial, *inter alia*, that he and Defendant Mann conspired to commit the at issue robbery do not demonstrate the requisite prejudice necessary for collateral relief. *Commonwealth v. Natividad supra* 595 Pa. at 209, 938 A.2d at 322-23 *citing*

---

[78] 18 Pa.C.S. § 903(3701).

63

*Commonwealth v. Spotz supra* 587 Pa. at 99, 896 A.2d at 125; and *Commonwealth v. Bracey supra* 568 Pa. at 273, Fn. 4, 795 A.2d at 940, Fn. 4. Defendant Mann not having met the applicable *Strickland* review established in *Johnson*, this error assignment is meritless. *Commonwealth v. Johnson supra* 600 Pa. at 351, 966 A.2d at 536 *quoting Commonwealth v. Washington supra* 592 Pa. at 721, 927 A.2d at 599; and *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064.

### *XI. Trial Counsel's Ineffectiveness in Securing a Stipulation that Two (2) of the Firearms were Past Reported Stolen.*

Through this appellate complaint, Defendant Mann maintains that Attorney Wray incompetently "... conceded defendant's guilt by stipulation to false other crimes evidence [*sic*]." *See* Statement of Matters Complained, No. 24. More specifically, the Defendant is referencing his trial lawyer's requesting and obtaining from the prosecution a stipulation that two (2) of the recovered firearms (C-12 - Smith and Wesson Silver .38 Special Revolver Commonwealth Exhibits and C-13 - Colt 1991 Model Black .45 Caliber Handgun) were past reported, collectively stolen from a residence in Uniontown, Pennsylvania. N.T. 12/17/09, pp. 45-49. Beyond the hyperbole of characterizing this stipulation as "conced[ing] defendant's guilt," Defendant Mann simply ignores the salient trial record and the context in which this agreement of the attorneys was sought and resultantly argued by defense counsel to reach the conclusion such was an instance of his trial lawyer's alleged incompetence.[79] *See* Defendant's Petition, pp. 5, 11. As the Defendant has failed to adequately demonstrate that his trial lawyer securing this stipulation meets the requisites necessary for an ineffective counsel finding, this

---

[79] For those reasons detailed per Section XII, this stipulation did not mandate the court salient to this stipulation engage the Defendant in a guilty plea like colloquy.

appellate complaint is meritless. *Commonwealth v. Uderra supra* 550 Pa. at 400, 706 A.2d at 339 and *Commonwealth v. Allen supra* 557 Pa. at 144, 732 A.2d at 587.

Because this error assignment clearly implicates a matter of trial strategy, it must also be recognized that with respect to whether the actions and/or omission of a defendant's attorney were reasonable, defense counsel is afforded broad discretion to determine tactics and strategy. *Commonwealth v. Thomas supra* 560 Pa. at 255-57, 744 A.2d at 716-17. The benchmark is not whether other alternatives were more reasonable employing a hindsight evaluation of the case record, but whether counsel's decision had any sensible basis to effectuate or advance a defendant's interests. *Commonwealth v. Speight supra* 544 Pa. at 461, 677 A.2d at 322 and *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975. The fact that the strategy of a defendant's lawyer in a given case was not successful is irrelevant as long as the challenged act and/or inaction "may be viewed" as reasonably designed to benefit the client. *Commonwealth v. Mickens supra* 409 Pa.Super. at 277, 597 A.2d at 1202.

Salient to current considerations, the trial record may be fairly summarized as follows. Victim Ryan Glover and Defendant Mann for over ten (10) years were known to each other from having lived and grown to adulthood in the same West Philadelphia neighborhood. N.T. 12/16/09, pp. 163-65. Obviously, having knowledge of Mr. Glover's residence and with timing suggesting some measure of familiarity with his activities, at approximate 2:00 A.M., just as Mr. Glover was returning home, Defendant Mann descended on him waiving a gun in his face and demanding, "Pussy, get out of the van." N.T. 12/16/09, pp. 160-61. Fleeing in his vehicle from the menacing, gun toting Defendant, Mr. Glover benefitted from at least some measure of good fortune when shot at by Defendant Mann as the bullet passed through a side window of his van and missed striking Mr. Glover only by mere inches before lodging in the vehicle's speedometer.

65

N.T. 12/16/09, pp. 161-67, 297-301. On Mr. Glover's escape, Defendant Mann, now joined by his two (2) co-defendants, broke through the locked, basement door of the Glover residence and swarmed into the home's living room, waking at gunpoint, the sleeping Kim Weeks. N.T. 12/16/09, pp. 160-61, 218, 222-28, 256. Mr. Weeks was threatened at gunpoint to lie facedown on the living room floor and in no uncertain terms instructed that he not look at his assailants. N.T. 12/16/09, pp. 219-32, 249-50. As he fearfully lay on the living room floor, Mr. Weeks heard the Defendant and his criminal confederates moving about the home ransacking various areas of both the residence's first and second floors in their self-described quest for money. N.T. 12/16/09, pp. 234-38. The expeditious response of less than ninety (90) seconds by the Upper Darby Police Department and the effective reaction of law enforcement personnel once on scene to this ongoing home invasion robbery cut short the criminal efforts of Defendant Mann and his co-defendants forcing the group to flee the home through its bathroom skylight. N.T. 12/16/09, pp. 258-71, 292. N.T. 12/17/09, pp. 11. For the next so many hours, Defendant Mann and co-defendant Clark kept police at bay while running about row homes' common roof top, until finally acknowledging the inevitable, they surrendered to the surrounding ring of law enforcement personnel below, co-defendant Jeffrey Mason, broke through the skylight of a neighboring residence only to be apprehended by police while hiding in the basement of that home. N.T. 12/16/09, pp. 266-89. N.T. 12/17/09, pp. 35-36.

Once police authorities had finally taken the Defendant and his criminal confederates into custody, the Glover home was searched by investigators. N.T. 12/17/09, p. 14. On a small landing area on the residence's first floor near the kitchen and hanging on the door going into the kitchen, police recovered a brown Louie Vuitton, style bag in which there was a Sites Spectre-HC firearm and a Colt 1991 Model Black .45 caliber handgun. N.T. 12/17/09, pp. 18, 31, 44.

66

*See also* Commonwealth Exhibits C-13 - Colt 1991 Model Black .45 Caliber Handgun, and C-14 - Sites Spectre-HC Firearm. There was a magazine in the Colt firearm that was loaded and one (1) round chambered in the gun such that the weapon was ready to be fired. N.T. 12/17/09, pp. 18-19. The Sites Spectre-HC 9 mm did not have a chambered round, but its magazine contained twenty-seven (27) bullets. N.T. 12/1709, p. 21. Upstairs from a closet near the home's bathroom, police recovered a silver, Smith and Wesson .38 Special revolver which had one (1) spent casing in it and four (4) live rounds. N.T. 12/17/09, pp. 22-23, 29-30, 32. *See also* Commonwealth Exhibit C-12 - Smith and Wesson Silver .38 Special Revolver. From that same upstairs closet, police additionally recovered a .40 caliber Glock firearm with its magazine in place and a chambered round. N.T. 12/17/09, pp. 23, 26, 28. *See also* Commonwealth Exhibit C-11 - .40 Caliber Glock 23 Firearm. Police also recovered from this closet in proximity to the .40 caliber Glock another firearm, a fully loaded Smith and Wesson .44 Magnum revolver. N.T. 12/17/09, pp. 23-24, 26, 29. *See also* Commonwealth Exhibit C-10 – Smith and Wesson .44 Magnum Revolver.

Buccal swabs for purposes of DNA comparative testing were obtained by investigators from the Defendant and his co-conspirators. N.T. 12/17/09, pp. 36-37. *See also* Commonwealth Exhibit C-20 - Laboratory Report L09-04372-4 and Stipulation 2 - Laboratory Report L09-04372-1. Regarding those various items investigators submitted for such testing, including but not limited to the five (5) seized firearms, Defendant Mann was "matched" to only a blood swabbing from the roof of a nearby home. N.T. 12/17/09, pp. 84-85. *See also* Commonwealth Exhibit C-20 - Laboratory Report L09-04372-4 - Conclusion No. 7. This same DNA comparative analysis revealed a "match" to co-defendant Clark and the genetic material recovered from the .40 caliber Glock 23 firearm as well as a "match" to co-defendant Mason and

67

the genetic material recovered from the black, Colt 1991 Model .45 caliber handgun. N.T. 12/17/09, pp. 70-71, 86-88, 90-91. *See also* Commonwealth Exhibits C-20 - Laboratory Report L09-04372-4; C-11 - .40 Caliber Glock 23 Firearm; and C-13 - Colt 1991 Model Black .45 Caliber Handgun.

Resulting from his analysis, a Pennsylvania State Police firearm identification and toolmark expert found that the discharged and mutilated jacket bullet (Commonwealth Exhibit C-15) police recovered from the dashboard of Mr. Glover's van was fired from the seized silver, Smith and Wesson .38 Special Revolver. N.T. 12/17/09, pp. 108-13, 123-26. *See also* Commonwealth Exhibits C-12 - Smith and Wesson Silver .38 Special Revolver; C-15 - Discharged Bullet; C-21 - Laboratory Report L09-04372-2; and C-22 Laboratory Report L09-04372-3.

The ill-advised decisions of Defendant Mann and his co-conspirators to flee the Glover home via a skylight in an effort to evade rapidly responding police and then scurry about the collective rooftop of the row homes' block for several hours as a law enforcement helicopter hovered overhead and SWAT teams were quickly deployed about the immediate neighborhood securing the area's perimeter afforded trial counsel only the most modest of defense options. N.T. 12/16/09, pp. 136-38, 144-45, 153, 260-61, 265-66, 270-72, 286-87, 289-91. Although not conceding the Defendant's guilt to any of the prosecuted offenses, it is clear from the instant record that trial counsel in the face of the Commonwealth's overwhelming evidence recounted above made the understandable tactical decision to focus his efforts so as to defeat the most significant charge prosecuted against the Defendant, Criminal Attempt Homicide[80] (Information

---

[80] 18 Pa.C.S. § 901(2501).

68

A) and by extension, the Aggravated Assault[81] allegation (Information G (Count I)). N.T. 12/17/09, pp. 159-82.

Prior to seeking the now disputed stipulation, trial counsel had elicited from the attempted homicide victim (Ryan Glover) that his gun wielding assailant was literally standing next to the driver's side door of the van and fairly much in the driver's side window. N.T. 12/16/09, pp. 186-88. Per this immediate vantage point, the Defendant's trial attorney additionally solicited from the attempted homicide victim that the brandished firearm was a "big black gun." N.T. 12/16/09, pp. 183-84. Trial counsel relatedly had the attempted homicide victim confirm that this same description of a "big black gun" was also detailed in his statement to police. N.T. 12/16/09, pp. 182-83. From the discovery process, Defendant Mann's attorney was well aware of the Commonwealth's ballistic evidence showed the handgun firing the shot into the attempted homicide victim's van to be the silver, Smith and Wesson .38 Special revolver and not one of the other "big black guns" police recovered. N.T. 12/17/09, pp. 108-13, 123-24. *See also* Commonwealth Exhibits C-12 - Smith and Wesson Silver .38 Special Revolver; C-15 - Discharged Bullet; C-21 - Laboratory Report L09-04372-2; and C-22 Laboratory Report L09-04372-3. Also, trial counsel via discovery was equally well aware that the prosecution's DNA evidence related to the five (5) recovered firearms did not "match" the Defendant, *inter alia*, but rather found that the genetic material recovered from the black, Colt 1991 Model .45 caliber handgun was "matched" to co-defendant Mason. N.T. 12/17/09, pp. 73-81, 90-92. *See also* Commonwealth Exhibits C-13 - Colt 1991 Model Black .45 Caliber Handgun; and C-20 - Laboratory Report L09-04372-4. Knowing also from discovery that the silver, Smith and Wesson .38 Special Revolver (Commonwealth Exhibit C-12) and the black, Colt 1991 Model .45

---

[81] 18 Pa.C.S. § 2702.

Caliber Handgun (Commonwealth Exhibit C-13) were linked together as stolen from the same home, trial counsel obviously sought the now challenged stipulation endeavoring to use the prosecution's DNA evidence indisputably tying co-defendant Mason to the "big black gun" (Commonwealth Exhibit C-13 - Colt 1991 Model Black .45 Caliber Handgun) the attempted homicide victim already so testified as an obvious means of also linking this co-defendant to the silver, .38 Smith and Wesson Special revolver (Commonwealth Exhibit C-12) ballistically proven to have fired the shot at Mr. Glover. With this foundation of co-defendant Mason being unquestionably tied to the "big black gun" (Commonwealth Exhibit C-13 - Colt 1991 Model Black .45 Caliber Handgun) via DNA, the silver revolver which was ballistically shown to be the handgun fired at the attempted homicide victim as well tied to co-defendant Mason through the disputed stipulation, trial counsel then not surprisingly, *inter alia*, argued to the jury it was co-defendant Mason and not Defendant Mann who accosted Ryan Glover. N.T. 12/17/09, pp. 162, 165-66, 170, 172-73, 175, 179. The Defendant's trial lawyer further bolstered this line of argument by presenting evidence material to certain measurements taken from the victim's van regarding the bullet hole in combination with Defendant Mann's physical stature also suggesting Mr. Glover's assailant was a taller individual, co-defendant Mason. N.T. 12/17/09, pp. 143-46, 165-66, 172-73, 179. Defendant Mann was acquitted of Criminal Attempt to commit Homicide[82] (Information A), although found guilty of Aggravated Assault[83] (Information G (Count I)).

Based upon the foregoing, the Defendant has far from established that the challenged stipulation his trial attorney secured was anything other than a reasoned exercise of the broad discretion any defense counsel is afforded to determine trial strategies and tactics. *Commonwealth v. Thomas supra* 560 Pa. at 255-57, 744 A.2d at 716-17. Although an evaluation

---

[82] 18 Pa.C.S. § 901(2501).
[83] 18 Pa.C.S. § 2702.

of a trial attorney's discretionary tactical decision-making authority is not undertaken with the benefit of hindsight, *Commonwealth v. Speight supra* 544 Pa. at 461, 677 A.2d at 322, and not controlled by a strategic course of actions' results, *Commonwealth v. Mickens supra* 409 Pa.Super. at 277, 597 A.2d at 1202, the tactical election he now attacks his trial attorney for pursuing was an obvious intricate part of the defense to the Criminal Attempt to commit Homicide[84] allegation, the most serious charged prosecuted, and a crime for which Defendant Mann was acquitted.

"A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered *a potential for success substantially greater than the course actually pursued.*" *Commonwealth v. Smith*, 609 Pa. 605, 631-32, 17 A.3d 873, 888 (2011)(Emphasis added). The trial record reveals at best an exceedingly modest number of viable defense avenues to pursue, if any. N.T. 12/16/09, pp. 136-38, 144-45, 153, 260-61, 265-66, 270-72, 286-87, 289-91. Certainly, it cannot be concluded on the instant record that foregoing the now attacked stipulation would have been a tactical election enjoying the " ... potential for success substantially greater than the course actually pursued." *Id.*

Beyond not demonstrating this challenged stipulation was an unreasoned tactical determination, absent any basis designed to further his interests, Defendant Mann on the instant record per that recounted above has certainly not shown that but for this strategic decision of his lawyer, the trial's outcome would have been otherwise. *See Commonwealth v. Thomas supra* 560 Pa. at 255-57, 744 A.2d at 716-17; *Commonwealth v. Speight supra* 544 Pa. at 461, 677 A.2d at 322; *Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975; and *Commonwealth v. Mickens supra* 409 Pa.Super. at 277, 597 A.2d at 1202. With the exception of

---

[84] 18 Pa.C.S. § 901(2501).

the criminal attempt[85] charge for which he was acquitted, the Commonwealth's evidence largely flowing from the Defendant's reckless flight and ill-advised decision to hold a small army of law enforcement personnel at bay overwhelmingly established his guilt as to the balance of the prosecuted crimes. *See Commonwealth v. Pierce supra* 515 Pa. at 162, 527 A.2d at 977; *Commonwealth v. Hutchinson supra* 611 Pa. at 306, 25 A.3d 277; and *Commonwealth v. Rainey*, 503 Pa. 67, 96, 928 A.2d 215, 232 (2007).

## *XII. Trial Counsel was Ineffective Since He Conceded the Defendant's Guilt by Stipulating to Inadmissible Evidence.*

Defendant Mann by way of this error assignment maintains Attorney Wray was professionally incompetent on agreeing and counseling him to enter the two (2) written stipulations offered at trial. *See* Statement of Matters Complained, No. 25. *See also* Stipulation 1; N.T. 12/16/09, pp. 307-08; Stipulation 2; and N.T. 12/17/09, pp. 68-71. In support of this contention, the Defendant offers nothing more than the hyperbolic assertion these stipulations amounted to a concession of guilt and/or the baseless argument that these agreements allowed otherwise inadmissible evidence for the jury's consideration to become part of the trial record. *See* Defendant's Petition, pp. 5, 11. A review of the challenged stipulations in the context of the trial record as a whole readily shows this appellate complaint is devoid of merit.

The Pennsylvania Supreme Court has past recognized as detailed below that certain stipulations may be of such a nature that the trial court must conduct a guilty plea like colloquy:

> Not only did appellant stipulate to the testimony that would have been offered by the complaining witness, thereby giving up the opportunity to cross-examine the witness for purposes of attacking his credibility, his memory, or his capacity to observe, but also appellant offered no defense in his own behalf. Under such circumstances, the stipulation to the witness's testimony made the outcome a foregone conclusion. ...

---

[85] 18 Pa.C.S. § 901(2501).

... [T]he admission of the stipulation should have been surrounded
by safeguards similar to those attending the entry of a guilty plea.
... With this contention we agree.

*Commonwealth v. Davis*, 457 Pa. 194, 197, 322 A.2d 103, 105 (1974).[86]

Following the *Davis* decision, the Superior Court had occasions to apply the Supreme Court of Pennsylvania's direction to other attacked stipulations defendants as well claimed necessitated the trial court engage in a guilty plea like colloquy and found that unless a challenged agreement was shown in fact to be an admission of guilt, such an of record discussion between a defendant and the trial judge was not required. *See Commonwealth v. Overton*, 237 Pa.Super. 222, 352 A.2d 105 (1975) and *Commonwealth v. Bridell*, 252 Pa.Super. 602, 384 A.2d 942 (1978).

In *Overton*, the Superior Court salient to current considerations opined that below:

The Davis [*sic*] decision relates *only* to a particular situation in which the stipulation involved is So [*sic*] damaging that it Constitutes [*sic*] an admission of guilt. The Davis [*sic*] reasoning is that where the stipulation amounts to an admission of guilt, it is analogous to a guilty plea and should therefore be surrounded by guilty safeguards.

*Commonwealth v. Overton supra* 237 Pa.Super. at 225, 352 A.2d at 106. (Emphasis added.)

Similarly, the Superior Court in *Bridell* rejected the defendant's argument the attacked stipulation deprived him of his right to confrontation finding that the agreed upon testimony of a secondary witness did not demand the *Davis* directed guilty plea type colloquy where the complainant-victim testified and her credibility was so challenged. *Commonwealth v. Bridell supra* 252 Pa.Super. at 606-07, 384 A.2d at 945. Referencing *Davis*, the Superior Court

---

[86] Although concluding that the stipulation this defendant entered via counsel was tantamount to a plea of guilty and a trial court colloquy was thus required, the Supreme Court of Pennsylvania did not grant the requested collateral relief finding that his lawyer's strategy of an implicit guilty plea was undertaken in an attempt to secure sentencing leniency and such a tactical election could not be said to be without some reasonable basis to advance the client's interests. *Id.* 457 Pa. at 199, 322 A.2d at 106.

summarized the applicable standard as follows: "The test, essentially, is whether the stipulation in question makes 'the outcome (of the trial) a foregone conclusion.' " *Id.* 252 Pa.Super. at 606 *citing* and *quoting Commonwealth v. Davis supra* 457 Pa. at 197, 322 A.2d at 105.

At bar, individually and/or collectively, these stipulations with which Defendant Mann takes issue cannot reasonably or otherwise be seen as a concession of his guilt. The first agreement is a simple stipulation to a proper chain of custody material to the Commonwealth's various trial exhibits. *See* Stipulation 1 and N.T. 12/16/09, pp. 307-08. The second agreement concerns various items of physical evidence recovered from about the crime scene, swabbings from the seized firearms, and buccal swabs, *inter alia,* taken from the three (3) defendants being forwarded for serology analysis to the Pennsylvania State Police Lima Regional Laboratory. This stipulation also agrees the resulting and attached report of Forensic Scientist Supervisor, Michael L. Brincat, was to made part of the trial record and that Supervisor Brincat forwarded certain items therein listed, including the seized firearms, for subsequent DNA comparative analysis to the Pennsylvania State Police Bethlehem Laboratory. *See* Stipulation 2 and N.T. 12/17/09, pp. 68-71. Both stipulations were signed by Defendant Mann, his trial lawyer, and the Assistant District Attorney. *See* Stipulations 1 and 2.

As for the Defendant's argument that these stipulations allowed otherwise inadmissible evidence to be presented to the fact finder and become part of the trial record, the same is patently frivolous. Undoubtedly, the prosecution, absent Stipulation 1, would have been permitted to present witnesses and documents relevant to its evidentiary exhibits' custodial chain. *See* Stipulation 1. Likewise, the testimony of Supervisor Brincat as reflected by Stipulation 2 and its attached report would have been allowed, without any such agreement. *See* Stipulation 2. There is simply no rule of evidence that would have precluded the Commonwealth

74

from presenting the witnesses and testimony reflected by these stipulations. The subject matter of the two (2) agreements was unquestionably relevant and admissible, even absent the stipulations.

Unlike those types of stipulations the Pennsylvania Supreme Court and Superior Court have found can mandate a court colloquy akin to a guilty plea, these stipulations, individually and/or collectively, cannot reasonably be seen as a concession of Defendant Mann's guilt. *See* Stipulations 1 and 2. *See also Commonwealth v. Davis supra* 457 Pa. at 197, 322 A.2d at 105; *Commonwealth v. Overton supra* 237 Pa.Super. at 225, 352 A.2d at 106; and *Commonwealth v. Bridell supra* 252 Pa.Super. at 606 *quoting Commonwealth v. Davis supra* 457 Pa. at 197, 322 A.2d at 105.

Stemming from these agreements, the evidence directly incriminating the Defendant was limited to his being "matched" via DNA to a spot of blood recovered from the row homes' roofs. N.T. 12/17/09, pp. 12-14, 84-85. *See also* Commonwealth Exhibit C-20 - Laboratory Report L09-04372-4 - Conclusion No. 7. Given that Defendant Mann and his co-defendant Clark scurried about the roofs of the residences along the 200 block of Wingate Road for a number of hours as a police helicopter hovered overhead and the block was surrounded by police SWAT personnel only to finally surrender by climbing down a fire truck ladder into the custody of waiting law enforcement, even this incriminating evidence was clearly redundant. N.T. 12/16/09, pp. 268-94. The complainant-victims at bar, Ryan Glover and Kim Weeks, were presented as prosecution witnesses, cross-examined, and their credibility vigorously attacked. N.T. 12/16/09, pp. 155-258. *See also Commonwealth v. Bridell supra* 252 Pa.Super. at 606, 384 A.2d at 944-45. ("Significant here is the fact that appellant did not relinquish the opportunity to

cross-examine the complainant for purposes of attacking her credibility; that alone would serve to distinguish this case from Davis [*sic*].")

Despite Defendant Mann's hyperbole that these stipulations "conceded Defendant's guilt ... ," the record at bar summarily reveals to the contrary. No fair reading of these agreements in the context of the trial record can show that the challenged stipulations made " ... 'the outcome (of the trial) a foregone conclusion.' " *Commonwealth v. Bridell supra* 252 Pa.Super. at 606 *citing* and *quoting Commonwealth v. Davis supra* 457 Pa. at 197, 322 A.2d at 105. Accordingly, this court was not required to engage the Defendant in a guilty plea type colloquy and trial counsel equally cannot be found ineffective for not assuring the same. *Id. See also Commonwealth v. Sneed supra* 616 Pa. at 33, 45 A.3d at 1115 and *Commonwealth v. Hutchinson supra* 521 Pa. at 488, 556 A.2d at 372.

Regarding Attorney Wray entering these stipulations and relatedly counseling Defendant Mann as well to accept the agreements, the Defendant has woefully failed to demonstrate that even one (1) prong of the requisite three (3) part *Pierce* ineffectiveness standard has been established. *Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439. *See also Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064.

As discussed above, this appellate complaint is patently meritless. Further, the case record is empty of any basis to conclude that even without these agreements the prosecution would have just called those witnesses whose testimony was subject to the stipulations. Moreover, Defendant Mann does not assert a single reason to suspect that the Commonwealth was otherwise incapable of producing these witnesses and/or their testimony, absent the stipulations. *See* Defendant's Petition, pp. 5, 11. Relatedly, the Defendant has not shown he

76

suffered necessary prejudice in that except for this challenged action of his trial lawyer of entering these stipulations, the trial outcome would have been different. *Commonwealth v. March supra* 528 Pa. at 414, 598 A.2d at 962 and *Commonwealth v. Buehl supra* 510 Pa. at 378, 508 A.2d at 1174. Finally, Attorney Wray in deciding as a matter of trial tactics to enter into these now attacked agreements assured that certain evidence favorable to the defense would be presented and thus, furthered Defendant Mann's interests. In total, these stipulations provided evidence that while the co-defendants were "matched" via DNA to two (2) of the five (5) seized firearms, including a big black handgun victim Glover testified fired at him, the Defendant's DNA was not "matched" by the prosecution's expert to any of the recovered firearms, including the silver, Smith & Wesson .38 Special revolver ballistically shown to have fired the shot just missing Mr. Glover. N.T. 12/16/09, pp. 183-84, 209, 221. N.T. 12/17/09, pp. 83-84, 86-87, 90-91, 114-127.[87] This inherent discrepancy between the testimony of the prosecution's victim, Mr. Glover, and the results of its investigative, forensic testing was then understandably utilized in his summation by trial counsel to attack the Commonwealth's case. N.T. 12/17/09, pp. 162, 165-66, 170, 172-73, 175, 179. Attorney Wray entering these stipulations and counseling Defendant Mann to as well so agree was clearly a proper exercise of the trial lawyer's broad discretionary tactical decision making authority. *Commonwealth v. Thomas supra* 560 Pa. at 255-57, 744 A.2d at 716-17.

The Defendant having failed to adequately establish even one (1) of the requisite three (3) *Pierce* prongs, Attorney Wray agreeing to these stipulations cannot be found as an instance of incompetent stewardship. *Commonwealth v. Robinson supra* 583 Pa. at 369, 877 A.2d at 439.

---

[87] *See* Commonwealth Exhibits C-10 - Smith and Wesson .44 Magnum Revolver; C-11 - .40 Caliber Glock 23 Firearm; C-12 - Smith and Wesson Silver .38 Special Revolver; C-13 - Colt 1991 Model Black .45 Caliber Handgun; C-14 - Sites Spectre-HC Firearm; C-15 - Discharged Bullet; C-21 - Laboratory Report L09-04372-2; and C-22 Laboratory Report L09-04372-3.

*See also Commonwealth v. Pierce supra* 515 Pa. at 158, 527 A.2d at 975 *citing Strickland v. Washington supra* 466 U.S. at 687, 104 S.Ct. at 2064.

Although the Defendant has decried these stipulations as a concession of guilt, his claim is readily belied by the case record and shown to be nothing more than a gross exaggeration. The combined result of these agreements was to produce cumulative evidence that the Defendant held police at bay for several hours before surrendering as well as evidence favorable to the defense as the Commonwealth's forensic testing did not "match" via DNA Defendant Mann to any of the recovered firearms, albeit the big black gun victim Glover testified was used to shoot at him or the silver, Smith & Wesson .38 Special revolver ballistically shown to be the handgun that fired such a shot. Being far removed from any acknowledgement of guilt, these agreements did not require this court conduct a guilty plea like colloquy of the Defendant. *Commonwealth v. Bridell supra* 252 Pa.Super. at 606 *citing* and *quoting Commonwealth v. Davis supra* 457 Pa. at 197, 322 A.2d at 105.

The subject matter of these agreements was unquestionably relevant and admissible evidence. There is no reason to believe that even without the stipulations the prosecution would not have simply called those witnesses and through their testimony presented the very same evidence. Being meritless, causing Defendant Mann no prejudice, and otherwise being a reasoned exercise of his trial lawyer's broad tactical decision making authority, any collateral attack on Attorney Wray regarding these stipulations is failing. This assignment of error is patently without merit.

78

## XIII. The PCRA Court Erred When it Failed to Address Defendant's Cumulative Error Claim.

Defendant Mann maintains by way of this appellate complaint that this court was mistaken in its failure to previously address his cumulative error claim as presented via his collateral petition. *See* Statement of Matters Complained, No. 6.

The Defendant originally averred in his collateral petition that " ... petitioner respectfully request [*sic*] for this court to consider that in the event the issues set forth in this petition for post conviction collateral relief does not substantiate due prejudice individually, that this court view the cumulative prejudice to determine relief. See; Com. v. Johnson, 966 A.2d 523 (2009) citing Com v. Perry, 644 A.2d 705 (1994) [*sic*]." *See* Defendant's Petition, p. 21. Hence, Defendant Mann has properly preserved this collateral claim for review on appeal, unlike many of his other error assignments.[88] A review of the salient record shows this error assignment to be meritless.

"This [Supreme] Court has held that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually." *Commonwealth v. Elliott*, 622 Pa. 236, 294, 80 A.3d 415, 450 (2013) *citing Commonwealth v. Busanet*, 618 Pa. at 67-68, 54 A.3d 35, 75, (Pa. 2012). "... [W]here ineffectiveness claims are rejected for lack of arguable merit, there is no basis for an accumulation claims." *Commonwealth v. Busanet supra* 618 Pa. at 67-68, 54 A.3d at 75 *citing Commonwealth v. Sattazahn*, 597 Pa. 648, 699-700, 952 A.2d 640, 671 (2008). Moreover, when such a cumulative claim was further reviewed in *Commonwealth v. Hutchinson*, the Pennsylvania Supreme Court found:

> '[W]here a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis.' *Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 158 (2008); *see also Commonwealth v. Small*, 602 Pa. 425, [475-76] 980 A.2d 549, 579 (2009) (concluding that a

---

[88] *See* Sections I and II.

> broad and vague claim of the prejudicial effect of cumulative errors did not entitle the appellant to relief). Although cumulative prejudice from individual claims may be properly assessed in the aggregate when the individual claims have failed due to lack of prejudice, nothing in our precedent relieves an appellant who claims cumulative prejudice from setting forth a specific, reasoned, and legally and factually supported argument for the claim. *Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 532 (2009) (citing *Commonwealth v. Perry*, 537 Pa. 385, 644 A.2d 705, 709 (1994) for the principle that a new trial may be awarded due to cumulative prejudice accrued through multiple instances of trial counsel's ineffective representation); *Commonwealth v. Sattazahn*, 597 Pa. 648, 952 A.2d 640, 671 (2008). A bald averment of cumulative prejudice does not constitute a claim.

*Commonwealth v. Hutchinson supra* 611 Pa. at 318-19, 25 A.3d 277.

Foremost, a review of Defendant Mann's cumulative error claim clearly indicates that he has failed to proffer a "specific, reasoned, and legally and factually supported argument" and is not thus entitled to collateral relief on appeal. *Id. quoting Commonwealth v. Johnson supra* 600 Pa. 329, 966 A.2d at 532. The Defendant's error assignment is only one (1) generalized assertion of the cumulative error claim, while the Defendant's collateral petition's initial allegation of the cumulative error claim consisted of just a single, two (2) to three (3) sentence paragraph of legal conclusions and related case citations. *See* Statement of Matters Complained, No. 6. *See also* Defendant's Petition, p. 21. Even when viewed in combination, Defendant Mann's PCRA petition and appellate complaint statement salient to his accumulated prejudice argument cannot be seen as anything other than a vague and broadly stated conclusory contention of law that simply does not support collateral remedy. *Id. citing Commonwealth v. Small supra* 602 Pa. at 475-76, 980 A.2d at 579. *See also Commonwealth v. Bracey supra* 568 Pa. at 273, Fn. 4, 795 A.2d at 940, Fn. 4 (" ...[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.")

80

Although the shared failure of individual ineffectiveness challenges based on a lack of prejudice can warrant a cumulative error review, *Commonwealth v. Elliot supra* 622 Pa. at 294, 80 A.3d at 450, Defendant Mann's numerous attacks on his trial, direct appeal, and collateral lawyers' stewardship are largely failing due to their lack of merit, being past litigated, as a reasoned strategic election well within a defense counsel's broad discretionary decision making, and/or a combination of such considerations. *See* Sections IV, VIII, IX, X, XI, XII. Just because the Defendant is additionally unable to establish that his attorney's complained about acts and/or omissions occasioned him to suffer the prejudice requisite to PCRA relief does not justify further review of Defendant Mann's otherwise unarticulated and generalized accumulation claim. *See Id.*; *Commonwealth v. Busanet supra* 618 Pa. at 67-68, 54 A.3d at 75 *citing Sattazahn supra* 597 Pa. at 699-700, 952 A.2d at 671; and *Commonwealth v. Hutchinson supra* 611 Pa. at 318-19, 25 A.3d 277 *quoting Commonwealth v. Johnson supra* 600 Pa. 329, 966 A.2d at 532. The Defendant has failed to adequately demonstrate " ' how [his] particular cumulation [claim] requires a different analysis.' " *Commonwealth v. Hutchinson supra* 611 Pa. at 318-19, 25 A.3d at 277, *quoting Commonwealth v. Wright supra* 599 Pa. at 336, 961 A.2d at 158. *See also* Defendant's Petition, p. 21. Resultantly, this assignment of error is meritless. *See* Statement of Matters Complained, No. 6.

### XIV. The PCRA Court Erred When it Failed to Grant Defendant an Evidentiary Hearing, Since the Errors Averred Would Have Changed the Outcome.

Per this error assignment, the Defendant maintains that the court erroneously dismissed his PCRA petition, absent an evidentiary hearing, " ... since the errors averred would have changed the outcome." *See* Statement of Matters Complained, No. 3. This court to the contrary determined that no reasoned purpose would be served by any further proceedings as there were no genuine issues of material fact and Defendant Mann was resultantly not entitled to a hearing

81

prior to the court dismissing the his collateral petition. *See* Order dated December 24, 2014. Moreover, this extensive review of the Defendant's collateral petition and thirty-six (36) error assignments on appeal demonstrates that the dismissal of his collateral petition, without a hearing, was not misguided.

"The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and without a trace of support in either the record or from other evidence." *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa.Super. 2002) *citing Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super. 2001). "The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Id.* at 906 *quoting Commonwealth v. Weddington*, 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).

Pennsylvania Rule of Criminal Procedure 907(1) in salient part states:

> If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal … .

Pa.R.Crim.P. Rule 907(1).

"A reviewing court on appeal must examine each of the issues raised … in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Commonwealth v. DuPont*, 860 A.2d 525, 530 (Pa.Super. 2004) *quoting Commonwealth v. Jordan supra* 772 A.2d at 1014. *See also Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa.Super. 2008).

The court entered a dismissal notice and order granting collateral counsel's application to withdraw after a review of the Defendant's appointed collateral counsel's "No Merit Letter" and

82

its independent examination of the salient case record. *See* Dismissal Notice and Order dated December 2, 2014. *See also* "No Merit Letter." This court thus determined that the Defendant Mann's petition raised no genuine issues of material fact, his entitlement to collateral relief was not sufficiently demonstrated, and that no reasoned purpose would be served by further proceedings. *See* Dismissal Notice and Order dated December 2, 2014. *See also Commonwealth v. DuPont supra* 860 A.2d at 530 *quoting Commonwealth v. Jordan supra* 772 A.2d at 1014. The Defendant's appellate complaints relating to the dismissal of his collateral petition and averments pertaining to his trial, direct appeal, and collateral counsel's professional incompetence as detailed above reveals that such errors were meritless.

The Superior Court has held that appellate review of a PCRA's dismissal is conducted:

> [I]n the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 886 (2010).

*Commonwealth v. Rykard supra* 55 A.3d at 1183 *quoting Commonwealth v. Ford supra* 44 A.3d at 1194.

Salient to Defendant Mann's contentions that this court erred in its dismissal of the Defendant's PCRA petition, this court in light of the foregoing concluded that no reasoned purpose would be served by any further proceedings as there were no genuine issues of material

fact, the instant collateral claims were meritless, previously litigated, a reasoned exercise of defense counsel's discretionary, tactical decision making authority and/or absent the demonstration of prejudice requisite to collateral relief. Resultantly, the Defendant was not entitled to Post Conviction Relief Act remedy. These findings of this court are amply supported by the instant case record, and it committed no related legal error. *See Commonwealth v. Rykard supra* 55 A.3d at 1183 *quoting Commonwealth v. Ford supra* 44 A.3d at 1194.

For all of these reasons, this court's dismissal, absent a hearing, of Defendant Mann's collateral filing should be affirmed.

**BY THE COURT:**



Kevin F. Kelly       **J.**

84